■ ELISABETH ADAM et al., Appellants, v CUTNER & RATHKOPF et al., Respondents. [656 NYS2d 753] —Judgment of the Supreme Court, New York County (Leland DeGrasse, J.), entered December 7, 1995, which dismissed the complaint except as to the claims for compensatory damages of plaintiffs Gunda V. Thadden in the amount of $50,000, Karl-Hillard Geuter in the amount of $75,000 and Gunther Wilke in the amount of $25,000, unanimously modified, on the law, to the extent of reinstating the causes of action for an accounting and granting plaintiffs summary judgment on that cause of action, without prejudice to repleading causes of action for breach of fiduciary duty and for conversion should the results of the accounting warrant and, except as so modified, affirmed, without costs. Appeals from the orders of the same court and Justice, entered February 23, 1995 and November 17, 1995, are unanimously dismissed as subsumed in the appeal from the judgment.

This lawsuit was brought by a group of limited partners who lost their entire investment in a defunct limited real estate partnership. This venture, memorialized in a limited partnership agreement executed December 11, 1985, was organized to develop a resort or "dude ranch" located in Downsville, Delaware County, New York. Despite a bankruptcy proceeding, which was concluded in March 1995, and several years of litigation, the record in this matter is remarkably uninformative as to the reasons for the failure of this venture, and the extent to which the dramatic reversal in the real estate market in the

late 1980's may have contributed to its demise cannot be surmised.

Plaintiffs, largely German citizens, charge that they were defrauded by the general partner. As stated in the affirmation of counsel dated November 23, 1994, "the defendants acting in concert with a German national, one Dr. Wolfgang Saumweber, had stolen the escrow funds directly from the escrow account". The affirmation continues, "As a result Dr. Wolfgang Saumweber, as a German national, was arrested, prosecuted in Germany, convicted, and sentenced to prison in Germany where he is currently serving his sentence."

Defendants portray this action from a diametrically opposite perspective, asserting that plaintiffs—"disappointed investors in a bankrupt limited partnership—brought this action in an effort to circumvent their lack of standing." They contend that the bankruptcy proceeding is conclusive with respect to the damages sought by plaintiffs in this action. Specifically, defendants assert that the listing of plaintiffs' respective equity interests by the bankruptcy trustee is dispositive on the question of whether or not their contributions to the escrow account were invested in the limited partnership.

Plaintiffs allege that defendant law firm and its partners breached their duties as escrow agents for "Interreal New York Land I L.P.", the bankrupt real estate limited partnership, by stealing funds required by the escrow agreement to be turned over to the limited partnership as capital contributions. The complaint verified August 3, 1994 charges defendant attorneys with all manner of wrongdoing, including conversion, breach of contract, breach of fiduciary obligations, negligence, reckless and intentional misrepresentation and fraud. The complaint seeks damages totalling over $6 million and, *inter alia,* an accounting of plaintiffs' capital contributions to the escrow account.

Defendants served an answer denying the material allegations of the complaint and brought a motion to dismiss the verified complaint as against all defendants "pursuant to CPLR 3211 (a) (1), (3), (4), (7) and (10), CPLR § 3013, CPLR 3016 (b), 28 U.S.C. §§ 1334 and 157 and Title 11 of the United States Code" and as against the law partnership "pursuant to CPLR 3211 (a) (8)". Attached to the moving papers is the bankruptcy petition of the debtor Interreal New York Land I L.P. (Interreal I), including a schedule of the partnership interests held by plaintiffs and other investors as limited partners. In all but three cases, the amounts listed for the plaintiffs in the schedule are identical, respectively, to the amounts sought to be recovered on their behalf in this action.

In opposition to the motion to dismiss the complaint,

plaintiffs submitted only the affidavit of counsel. It recites that defendants received deposits from plaintiffs into the escrow fund and, instead of conveying the funds to the limited partnership, "diverted the money elsewhere." It states that an "investigation established that in fact the defendants had stolen the money", alleging that a "routine inquiry turned up certain money transfers receipts and expenditures which clearly established that the escrow funds had been stolen." Counsel concludes that "defendants very nearly perpetrated a successful six million dollar theft from escrow, except that a routine inquiry disclosed the fraud and theft." Precipitously, plaintiffs cross-moved for an accounting in aid of their action.

The reply affidavit dated December 13, 1994 of defendant Clifford A. Rathkopf, Jr., points out that counsel's opposing affidavit is of no probative value as it is not alleged to be based upon personal knowledge of the facts. Neither, it states, has counsel "even attempted to explain what the banking documents are supposed to show in support of [plaintiffs'] claims of wrongdoing." Finally, it observes, counsel "tells us *nothing* about [the] inquiry: he not only fails to identify who conducted it, but also is silent as to why it was conducted, what the nature of the inquiry was or what it specifically found in factual terms. All that is provided are conclusory accusations of wrongdoing without a *single* supporting fact."

Defendants cross-moved to dismiss the complaint in its entirety, except with respect to the three plaintiffs whose claims exceed the amount of their equity investment in the limited partnership. Included with the moving papers is the order of the United States Bankruptcy Court for the Southern District of New York, directing the filing of the schedule of security interests held by the limited partners. The affidavit of defendants' attorney dated April 13, 1995 contends that the order of the Bankruptcy Court dated July 30, 1993, together with the order approving the final report of the trustee, is conclusive with respect to the claims brought by plaintiffs, except as to those three seeking amounts in excess of their scheduled security interests.

Undeterred by the defects in their proof, plaintiffs moved for summary judgment, again relying on a similar affidavit by counsel alleging wrongdoing on the part of defendants. Aside from the submission or re-submission of banking records of indeterminate and unexplained significance, plaintiffs submitted only an affirmation by one Christopher K. Kuehn, whose relationship to the debtor is not revealed in the moving papers. Identifying himself only as an attorney, Mr. Kuehn's affirmation states, in conclusory fashion:

"The sums invested by the limited partners were not

transferred by Cutner & Rathkopf to Interreal New York Land I, L.P.

"Later review of the Cutner & Rathkopf escrow records and documents which were secured for 1986 & 1987 revealed that Cutner & Rathkopf diverted the escrow money they were supposed to have transferred to Interreal New York Land I, L.P. * * *

"The diversion of escrow funds by Cutner & Rathkopf was never an issue in the Bankruptcy Court, it was never raised as an issue, and it was never decided."

The basis of Mr. Kuehn's knowledge of these facts is not divulged, but his affirmation is not professed to be made upon personal knowledge.

Defendant Clifford A. Rathkopf, Jr., submitted a reply affirmation "in further support of defendant's motion for partial summary judgment and in opposition to plaintiffs' cross-motion for summary judgment." It states that an investigation was conducted into this matter by the bankruptcy trustee, "which included an extensive document production of Cutner & Rathkopf's financial records and the deposition of myself and David A. Cutner", resulting in no action being taken against defendants "with regard to the 'diversions' of funds alleged by plaintiffs or any other matter." He notes: "*Only after* that detailed investigation by the trustee did the trustee present his application to amend the schedule of interest holders and the amounts invested by each; that application resulted in the July 30, 1993 order of the Bankruptcy Court setting forth the equity interests of the Land I limited partners (the 'bankruptcy order'). It is on that bankruptcy order that we properly rely, and we submit that the bankruptcy order is binding as a matter of collateral estoppel."

Included with the reply papers are applications by counsel for the debtor's trustee to conduct examinations pursuant to Federal Rules of Bankruptcy Procedure, Rules 2004 and 9016. The applications make note of "Kuehn's representation to Trustee that $6,000,000 of subscriptions were collected by or on behalf of Debtor but that only about $2,000,000 are known to have been used by Debtor". The application of the trustee's counsel also reveals that Christopher K. Kuehn is "counsel of record for the Debtor" and that he advised a meeting of the creditors that "he is counsel to the Debtor, counsel to certain limited partners and the contemplated general partner of the Debtor should it be able to reorganize."

Mr. Kuehn's credibility is not a proper issue for a court entertaining a summary judgment motion (*Capelin Assocs. v*

*Globe Mfg. Corp.*, 34 NY2d 338) as statements made in opposition to the motion must be accepted as true (*Patrolmen's Benevolent Assn. v City of New York*, 27 NY2d 410, 415; *Cohn v Lionel Corp.*, 21 NY2d 559). His status as an attorney for some of the parties, however, is highly pertinent. It is evident that plaintiffs, having been challenged to supply acceptable proof, have attempted to remedy the deficiency by submitting yet another affirmation by an attorney who, similarly, does not profess to have any personal knowledge of the facts (*Capelin Assocs. v Globe Mfg. Corp., supra*, at 342 [bald conclusory assertions insufficient to defeat summary judgment]; *Israelson v Rubin*, 20 AD2d 668 [affirmation of counsel without personal knowledge of the facts of no probative value], *affd* 14 NY2d 887).

The affidavit of David A. Cutner, also submitted with defendants' reply papers, states that:

"the Land I bankruptcy trustee, prompted by Mr. Kuehn, conducted an extensive investigation into the possible diversion of funds relating to Land I by defendants and into the nature of defendants' services with respect to Land I * * *

"In addition, counsel for the trustee took the depositions of Mr. Rathkopf and myself in May 1993."

On the basis of these conflicting affidavits, Supreme Court granted the cross motion of defendants, dismissing all of the claims except those asserted by three plaintiffs which exceed the amount of their respective equity interests in the partnership, as listed in the amended schedule of equity security holders (Schedule A) in the bankruptcy proceeding. In the first of the orders brought up for review on this appeal, the court framed the issue before it as follows: "The court must determine whether this action should be * * * direct or derivative in nature * * * To bring an individual action, a limited partner must demonstrate either direct injury or injury which exists independently of the partnership." Distilling the essence of a complaint, which is both grossly overstated and redundant, the court concluded: "The complaint is stating that although plaintiffs acknowledge that they are limited partners with investment in the partnership now in bankruptcy part of their money entrusted to defendants for investment in the partnership was alleged[ly] converted in violation of the escrow agreement." Any such amount, therefore, "would not be part of the partnership. It would be an interest independent of the partnership and the property of the individual plaintiffs." The court found the fraud claim deficient and lacking in specificity, but upheld the action for breach of contract. In the second or-

der appealed from, Supreme Court held that the listing of the equity interests of the respective plaintiffs by the Bankruptcy Court is dispositive as to these amounts. Thus, the court concluded, plaintiffs are required to pursue any claims as to the sums invested in the partnership in a derivative action, to which the partnership is an indispensable party.

As a threshold issue on appeal, plaintiffs contend that the bankruptcy order is not dispositive of their claims because defendants, as escrow agents, owe a duty to them, as depositors, that is independent of the partnership and are therefore liable for any disbursements made in violation of the terms of the escrow agreement. Before reaching the estoppel question, however, the issues to be resolved are those raised by the motions, culminating in the order appealed from, filed November 17, 1995 (which incorporates an order filed February 23, 1995). As framed by defendants' original motion, the threshold issue is whether plaintiffs have stated a cause of action for which the law affords relief. Also to be decided is whether plaintiffs, in their opposing papers, have come forward with evidentiary proof in admissible form so as to raise a triable issue of fact sufficient to defeat the motion for summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562). It should be noted that while defendants originally moved on CPLR 3211 grounds, plaintiffs cross-moved for summary judgment, and both sides treated the motions as seeking such relief, subsequently marking their submissions as in support of (or in opposition to) an application for summary judgment.

An attorney's affidavit is of no probative value on a summary judgment motion *unless* accompanied by documentary evidence which constitutes admissible proof (*Zuckerman v City of New York, supra*, at 563). As noted, the only affidavit submitted in opposition to defendants' motion to dismiss the complaint is the affidavit of plaintiffs' attorney. Plaintiffs' solution to the attack upon the sufficiency of their evidence is an unvarnished attempt to shift the burden of proof to defendants:

"It would be very easy for the defendants to clearly establish that this action lacked merit simply by showing deposits into the escrow account; and then the payments to the INTERREAL NEW YORK LAND I L.P. of the money that came into escrow, for purchase of the limited partnership interest.

"If defendants could show that one hundred percent of the escrow sums that they received were paid out according to the escrow agreement and their obligations as New York attorneys, this action would be discontinued voluntarily, but in actual fact this is not the case, defendants do not claim that it is the

case, and none of defendants *[sic]* arguments establish in any way a defense to theft of the individual plaintiffs' escrow sums."

Counsel's affidavit exhibits some fundamental misconceptions concerning plaintiffs' burden in this matter. First, summary judgment is the procedural equivalent of a trial *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, *supra),* requiring a party to submit in opposition "evidentiary facts or materials, by affidavit or otherwise * * * demonstrating the existence of a triable issue of ultimate fact" *(Indig v Finkelstein,* 23 NY2d 728, 729). It is plaintiffs' burden to establish a prima facie case in order to defeat the summary judgment motion brought by defendants. Second, it is plaintiffs' burden to produce admissible evidence to support their claims. Defendants are under no obligation to assist them in this obligation, and they are certainly under no duty to affirmatively establish their innocence from criminal wrongdoing *(Nirenstein v George A. Horvath, Inc.,* 286 App Div 409; Fisch, New York Evidence § 1128, at 640-641 [2d ed]).

An attorney's affirmation "may, of course, serve as the vehicle for the submission of acceptable attachments which do provide 'evidentiary proof in admissible form' " *(Zuckerman v City of New York, supra,* at 563). While plaintiffs, by way of counsel's affirmation, have made many serious accusations and have furnished, as attachments, many documents showing disbursements from the escrow account, they have not established that any disbursement from the account is improper. Although plaintiffs allege, generally, that defendants violated the terms of the escrow agreement and assert, in their brief, that certain payments are "unexplained", they have failed to identify a single transaction that is in conflict with a specific term of the partnership agreement and, thus, contravenes the escrow provision.

As a final consideration, a plaintiff opposing a motion for summary judgment may "demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form" *(Zuckerman v City of New York, supra,* at 562). Plaintiffs herein have failed to assert any reason for their failure to identify any financial transaction that offends the terms of the partnership agreement. This matter was the subject of bankruptcy proceedings, to which plaintiffs were parties. Plaintiffs' allegations were brought to the attention of the trustee by Mr. Kuehn, counsel for the debtor and certain of the limited partners, and discovery ensued, including depositions of the individual defendants. According to plaintiffs, an investigation

was conducted, in which a "routine inquiry turned up certain money transfers receipts and expenditures which clearly established that the escrow funds had been stolen." Yet the record before this Court is devoid of any such proof, and plaintiffs offer no excuse why it could not have been provided.

The weakness of plaintiffs' case is best illustrated by counsel's resort to the desperate measure of cross-moving for an accounting in the attempt to make out a case which seeks, as the ninth cause of action, an accounting. As this Court noted in *LSY Intl. v Kerzner* (140 AD2d 256), "It is well settled that discovery of fiscal matters in an action for an accounting may not be obtained unless and until plaintiff has established a right to an accounting" (*see also, Wolther v Samuel,* 110 AD2d 506). As to the nature of that right, this Court has held that, upon the termination of a limited partnership, a limited partner is entitled to an account of his interest (Partnership Law §§ 73, 74) unless the partnership agreement provides to the contrary (*Raymond v Brimberg,* 99 AD2d 988, *appeal dismissed* 64 NY2d 775). "In order to enlist the aid of a court of equity in vindicating the right to an accounting, a plaintiff * * * not only must show the existence of a partnership, its dissolution following the transaction of business which produced profits or losses to be accounted for and a demand for an accounting * * * but also 'a failure or refusal by the partner with the books, records, profits or other assets of the partnership in his possession to account to the other partner or partners' " (*supra,* at 989, quoting *Arrants v Dell Angelo,* 73 AD2d 633). The record does not disclose whether plaintiffs ever sought such an accounting pursuant to the Partnership Law.

Upon the record before this Court, plaintiffs have failed to meet their burden to come forward with admissible evidence sufficient to defeat defendants' motion for judgment summarily dismissing their denominated causes of action for negligent and intentional misrepresentation, fraud, conversion, negligence and breach of contract. What remains of plaintiffs' complaint is an action for an accounting, predicated on defendants' status as escrow agents. An account statement included in the record on appeal, covering a period of approximately six months, reveals that the subject account is clearly one maintained for partnership purposes, indicating disbursements to various partnership accounts, attorneys (including defendant law firm), suppliers, and to the general partners, Dr. Saumweber and a Delaware corporation he controlled. However, the account is also indisputably an attorney escrow account, bearing the caption "Wolfgang Saumweber—1987—

Cutner & Rathkopf Attorney Trust Account, Morgan Guaranty Trust Co.—Account No. 081 38 475". The partnership agreement recites that funds "shall be transferred to Cutner & Rathkopf, Attorneys at Law", and identifies them as "Escrow Agents".

· While we agree with Supreme Court to the extent that it found the bankruptcy proceeding to be dispositive of any claim against the partnership, it does not thereby follow that the bankruptcy adjudication disposes of claims that may be asserted against defendants, who were not parties to that proceeding, arising out of a breach of their fiduciary duties. Application of the doctrine of collateral estoppel requires "that an issue in the present proceeding be identical to that necessarily decided in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65). An adjudication of whether defendants fulfilled their fiduciary duties to plaintiffs was not necessary to the adjudication of the limited partnership as a bankrupt and, therefore, the doctrine does not apply under these circumstances (*see, Sahn v AFCO Indus.*, 192 AD2d 480; *Baldasano v Bank of N. Y.*, 174 AD2d 457; *Morelli v Giglio*, 143 AD2d 986, *lv dismissed* 73 NY2d 918).

"The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest" (*Palazzo v Palazzo*, 121 AD2d 261, 265). "An allegation of wrongdoing is not an indispensable element of a demand for an accounting where the complaint indicates a fiduciary relationship between the parties or some other special circumstance warranting equitable relief" (*Morgulas v Yudell Realty*, 161 AD2d 211, 213-214). Therefore, the infirmities of plaintiffs' opposition to defendants' summary judgment motion notwithstanding, plaintiffs are entitled to an accounting. However, we agree with Supreme Court that any recovery in this action is limited to those damages attributable to defendant's failure to apply plaintiffs' deposits to partnership purposes. Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.