■ JAMAICA PUBLIC SERVICE CO., LTD., Appellant-Respondent, v COMPAGNIE TRANSCONTINENTALE DE REASSURANCE, Respondent-Appellant, et al., Defendants. JAMAICA PUBLIC SERVICE CO., LTD., Appellant, v COMPAGNIE TRANSCONTINENTALE DE REASSURANCE, Respondent, et al., Defendants. [723 NYS2d 168] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 1, 1999, which granted defendant Compagnie Transcontinentale De Reassurance's (CTR) motion for summary judgment dismissing the complaint as against it, and order, same court and Justice, entered July 25, 2000, which granted CTR's motion for summary judgment on its counterclaim, or, in the alternative, for a severance of its counterclaim, to the extent of severing the counterclaim, and denied plaintiff's cross motion to compel arbitration of the counterclaim, unanimously affirmed, without costs.

Although the IAS court properly applied law of the case in granting CTR's motion to dismiss the complaint, based on a prior order that granted CTR's motion for summary judgment dismissing another defendant's cross claims against it, such prior order does not preclude review by this Court since law of the case is a doctrine that applies only to courts of coordinate jurisdiction (see, Martin v City of Cohoes, 37 NY2d 162, 165). Nevertheless, we affirm dismissal of the action as against CTR. As alleged, CTR's oral agreement to act as a front or cedent, i.e., to nominally insure an all-risk loss and then pass on 100% liability to various reinsurers, is so vague and devoid of material terms, such as the amount of liability, the amount of the ceding fee, the duration and renewability of the agreement and the identity of the reinsurers, as not to be enforceable (see, Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482, cert denied 498 US 816). Nor should plaintiff be allowed further disclosure on the issue, it being inherently unbelievable that CTR would accept almost unlimited liability on behalf of unknown reinsurers for a fee of an unspecified "component" of $32,500. Concerning CTR's counterclaim for recovery of the $8.3 million it conditionally paid plaintiff pursuant to the Deed of Trust, CTR's motion for summary judgment thereon was properly denied, there being issues of fact as to whether CTR had a cedent for an all-risk policy and whether the purported cedent should be equitably estopped from denying coverage. Such issues have no bearing on the main action, and thus the counterclaim was properly severed. While CTR's counterclaim is subject to the arbitration clause in the Deed of Trust, plaintiff's institution of the action constituted a waiver of its right to arbitration (see, Bucci v McDermott, 156 AD2d

328). Plaintiff's arguments that it has not engaged in any litigation concerning CTR's counterclaim other than to oppose CTR's motion for summary judgment thereon, and that its participation in other matters involved in the litigation had no bearing on CTR's counterclaim, are inconsistent with its argument that CTR's counterclaim should not be severed from the main action because the issues are inseparably intertwined. Concur—Williams, J. P., Mazzarelli, Wallach, Buckley and Friedman, JJ.