■ AUBREY E. LOVING, JR., et al., Respondents, v JARED ABBRUZZESE et al., Appellants. [750 NYS2d 326] —Crew III, J. Appeal from an order of the Supreme Court (Teresi, J.), entered January 11, 2002 in Albany County, which denied defendants' motions to dismiss the complaint as, inter alia, barred by the doctrine of collateral estoppel.

CAI Wireless Systems, Inc. (hereinafter CAI), a wireless telecommunications company, was formed in 1991 to invest in and operate multichannel multipoint distribution services for subscription television systems. In 1994, CAI acquired Hampton Roads Wireless, Inc. and plaintiffs, formerly shareholders in that corporation, became shareholders of CAI. Following a failed business venture with Bell Atlantic Corporation and NYNEX Corporation and a corresponding inability to attract a new strategic partner, CAI sought to restructure its debt through the filing of a chapter 11 bankruptcy petition in June 1998. In conjunction therewith, CAI's financial advisor, BT Alex. Brown (now defendant Deutsche Bank Alex. Brown, Inc.) (hereinafter Brown), valued CAI at $293 million, substantially less than CAI's outstanding debt of approximately $400 million.

As CAI was insolvent, the proposed reorganization plan would not provide full recovery to CAI's creditors and, accordingly, the shares of CAI's equity holders, including those held by plaintiffs, would be eliminated. Plaintiffs thereafter filed objections to the proposed reorganization plan contending, inter alia, that defendants were engaged in a scheme to eliminate CAI's equity shareholders. Specifically, plaintiffs contended

that Brown, who was slated to receive stock options under the proposed reorganization plan, intentionally undervalued CAI in exchange for this financial incentive. Following a hearing, Bankruptcy Court confirmed the reorganization plan, prompting plaintiffs to appeal.[1]

Thereafter, plaintiffs commenced this action against Brown and various officers and managers of CAI contending, inter alia, that defendants breached their fiduciary duties to plaintiffs and that defendant Jared Abbruzzese, CAI's president, misrepresented CAI's finances. Defendants thereafter moved to dismiss the complaint asserting, inter alia, that plaintiffs' claims had been litigated in the underlying bankruptcy proceeding and, as such, were barred by the doctrine of collateral estoppel. Supreme Court denied the motions, prompting this appeal.

In denying defendants' motions to dismiss, Supreme Court found that plaintiffs' claims were not barred by collateral estoppel because Bankruptcy Court expressly preserved plaintiffs' state law claims.[2] Even assuming that the language relied upon by Supreme Court indeed evidences an attempt on the part of Bankruptcy Court to preserve the very claims now raised by plaintiffs in this action, that does not alter one very significant fact—namely, that in confirming the reorganization plan proposed by CAI, Bankruptcy Court overruled all objections to the plan on the merits and, in finding that such plan was fair, equitable and nondiscriminatory, necessarily decided all but one of the causes of action set forth in the underlying complaint in this action. Stated another way, Bankruptcy Court's subjective intent—perceived or actual—is irrelevant.

"Application of the doctrine of collateral estoppel requires 'that an issue in the present proceeding be identical to that necessarily decided in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was

---

1. Plaintiffs dismissed their appeal a few days later.

2. Specifically, Supreme Court relied upon paragraph 30 of Bankruptcy Court's order, which provides, in relevant part, as follows:

"In considering [the] objections and reservations of rights [raised by the objectors to the plan], the Court has heavily weighed the Objectors' ability to pursue state court class action proceedings as a remedy. The Court concludes that the state court proceedings are a more appropriate forum for the resolution of the [O]bjectors' claims than the instant bankruptcy proceedings where the Debtor is insolvent. Accordingly, all pending [o]bjections and reservations of rights with respect to confirmation of the plan are overruled on the merits."

accorded a full and fair opportunity to contest the issue' " (*Adam v Cutner & Rathkopf*, 238 AD2d 234, 242, quoting *Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005). Here, the crux of plaintiffs' complaint is that the CAI officers and managers named as defendants in this action conspired with Brown to undervalue CAI in an attempt to deprive plaintiffs of any recovery under the then proposed reorganization plan. Specifically, plaintiffs allege that Brown, in exchange for receiving certain stock options under the reorganization plan, employed a fundamentally flawed valuation methodology designed to ensure that CAI's debts well exceeded its assets, thereby rendering the company insolvent and the stock held by plaintiffs worthless.

A review of the record before us, however, reveals that plaintiffs advanced the foregoing conspiracy theory in Bankruptcy Court in the form of their objections and posthearing submissions. Additionally, although plaintiffs elected not to call any witnesses to challenge the valuation conducted by Brown, counsel cross-examined relevant witnesses on this point at the confirmation hearing, specifically attacking the valuation methodology employed and the discount rate utilized. In short, plaintiffs had a full and fair opportunity to litigate whether the valuation conducted by Brown and the reorganization plan proposed by CAI and endorsed by the remaining defendants was undertaken in good faith. And, inasmuch as Bankruptcy Court found that the reorganization plan was fair, equitable and nondiscriminatory and, further, that such plan had been proposed in good faith, it necessarily decided that Brown neither intentionally or negligently undervalued CAI, nor did he aid and abet the remaining defendants in this regard. Similarly, in confirming the reorganization plan, Bankruptcy Court necessarily decided that in proposing such plan, CAI's officers and managers had not breached their fiduciary duties, usurped corporate opportunities or otherwise concocted a scheme that resulted in unjust enrichment. Accordingly, with respect to plaintiffs first, second, third, fourth and fifth causes of action, defendants' respective motions are granted as such claims are barred by collateral estoppel.

We reach a contrary conclusion, however, with regard to plaintiffs' sixth cause of action against Abbruzzese, which alleged that, in connection with the sale of Hampton Roads Wireless, Inc. to CAI in 1994, Abbruzzese asked plaintiffs not to sell their stock in CAI for fear that such sale would send the wrong message to potential strategic business partners. According to plaintiffs, they honored this request based upon Abbruzzese's

representations as to CAI's finances and future business opportunities and, ultimately, suffered financial harm due to CAI's insolvency. As this cause of action centers upon events that predated the bankruptcy filing and raises issues that were not addressed in the course of the bankruptcy proceeding, we find that such claim is not barred by collateral estoppel.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motions to dismiss the first, second, third, fourth and fifth causes of action; motions granted to that extent and said causes of action dismissed; and, as so modified, affirmed.