OPINION OF THE COURT
Louis B. York, J.
Defendant Dan Wodzenski moves to dismiss this action on the ground that the complaint fails to state a cause of action pursuant to CPLR 3211 (a) (7).
Because both corporate codefendants were discharged in bankruptcy, plaintiff has discontinued against them, leaving Wodzenski as the only remaining defendant.
Background
Plaintiff claims discrimination against him based on his Indian national origin, his Muslim religion, and his age based on the New York City Human Rights Law and the New York State Human Rights Law (Administrative Code of City of NY § 8-107 et seq.; Executive Law §§ 291, 296 et seq.). Plaintiff also sues for intentional infliction of emotional distress, which defendant Wodzenski also moves to dismiss. Plaintiff claims that after he informed Wodzenski, his supervisor, that plaintiff had cancer, plaintiff was terminated after 32 years of employment. Previously, plaintiff had been the subject of a number of dismissals and reinstatements. Wodzenski is charged by plaintiff with aiding and abetting the corporate defendants in their discriminatory acts.
Plaintiffs ninth cause of action states in its entirety that defendants “engaged in extreme and outrageous conduct, which resulted in plaintiff Solomon Mohammed suffering severe emotional distress.” Plaintiff charges that defendants acted with specific intent and/or malice and/or reckless and/or callous disregard of plaintiffs civil rights and defendants’ civil obligation.
*398 Contentions
Defendant contends that the corporate defendants’ discharges in bankruptcy and the subsequent stipulation of discontinuance of the action against them results in the failure of the plaintiffs claim of aiding and abetting a party or parties that can no longer be held liable means that there is no longer a party to aid and abet which requires dismissal of this claim.
Plaintiff, on the other hand, argues that the bankruptcy discharge was the result of a reorganization of the corporate defendants, resulting in their discharge of any obligation to the plaintiff. However, although their discharge insulates them from liability, there was no finding by the bankruptcy court on the merits of the plaintiffs claims against these defendants. That being so, plaintiff is free to litigate his claim of Wodzenski’s aiding and abetting defendants. This is so, he argues even though the bankruptcy discharge relieves the corporate defendants of any liability without a decision on the merits.
Plaintiff also claims that Wodzenski’s conduct was sufficiently outrageous and extreme to uphold plaintiffs claim of emotional distress. Defendant counters that the cases do not support such conduct to be extreme and outrageous enough to uphold such a cause of action.
Discussion
A. Claim of Aiding and Abetting
Both Human Rights Laws, which are remedial in nature, should be given a liberal construction (Williams v New York City Hous. Auth., 61 AD3d 62 [1st Dept 2009]; Nelson v HSBC Bank USA, 87 AD3d 995 [2d Dept 2011]). In evaluating the extent of discriminatory activities on a motion to dismiss, under the State and City Human Rights Laws, a liberal construction is to be applied (Vig v New York Hairspray Co., L.P., 67 AD3d 140 [1st Dept 2009]). Accordingly, a cause of action for aiding and abetting a party in its discriminatory activities will survive a motion to dismiss so long as the primary claim of discrimination remains viable (Murphy v ERA United Realty, 251 AD2d 469 [2d Dept 1998]). In Falbaum v Pomerantz, a case decided by the Second Circuit Court of Appeals (19 Fed Appx 10 [2d Cir 2001]) interpreting New York law, the aiding and abetting claim was dismissed because the bankruptcy court found that the primary defendant did not discriminate. However, in this case there was no finding by the bankruptcy court one way or the other.
In Loving v Abbruzzese (298 AD2d 749 [3d Dept 2002]), although not a claim under the Human Rights Law, the court *399 held that rights in existence at the bankruptcy proceeding, but not addressed therein, remain actionable in state court. In the instant case, the merits of the aiding and abetting claim were similarly not addressed. Neither side, nor the court, has succeeded in finding a bankruptcy discharge of a claim but not on the merits, to bar a subsequent action on the merits. The Loving decision lends credence to the argument that this claim survives the bankruptcy and should not be dismissed, particularly in accordance with the directive to give the Human Rights Law a liberal construction to effectuate its remedial objective. Accordingly, plaintiffs claim of aiding and abetting survives defendants’ motion to dismiss.
B. Emotional Distress
Plaintiffs claim of defendant’s outrageous conduct must be dismissed.
The complaint alleges that defendant Wodzenski fired him and then reinstated him several times during the years of defendant’s supervision. Plaintiff emphasized that after he informed Wodzenski of his cancer, plaintiff was terminated and then reinstated, but thereafter, transferred to another store. Then plaintiff was terminated because of his physical impairment. Plaintiff claims he was consistently passed over for promotions.
In order to establish a claim for intentional infliction of emotional distress, the following essential elements must be sufficiently pleaded:
a. extreme and outrageous conduct;
b. intent to cause or disregard the probability of severe emotional distress;
c. a causal connection between the defendants’ conduct and the distress;
d. severe emotional distress.
(Howell v New York Post Co., 81 NY2d 115 [1993] [publication of a photograph of plaintiff at a private psychiatric facility receiving treatment does not survive a motion to dismiss].)
The Court of Appeals has held to avoid a motion to dismiss, the conduct of the defendant under consideration must be “so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.” (Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983].)
As defendant points out on page 6 of his brief, courts routinely dismiss causes of action for intentional infliction of emotional *400 distress where, as here, the cause of action is based on discriminatory conduct. (See Semper v New York Methodist Hosp., 786 F Supp 2d 566 [ED NY 2011]; see also Emmons v City Univ. of N.Y., 715 F Supp 2d 394, 423-424 [ED NY 2010] [“(A)dverse employment actions, even those based on discrimination, are not sufficient” to avoid a motion to dismiss].) Where a person alleges discriminatory conduct in an employment situation, the courts are very reluctant to recognize a claim based on severe emotional distress (McIntyre v Manhattan Ford, Lincoln-Mercury, 256 AD2d 269, 270 [1st Dept 1998]).
These cases illustrate that where there is an alternative remedy and/or where the conduct does not rise to the level of extreme and/or outrageous conduct, a cause of action for intentional infliction of emotional distress will be dismissed (Semper v New York Methodist Hosp., 786 F Supp 2d 566). Because plaintiff has alternative remedies and based on an examination of the above-cited cases, this court holds that the defendant’s actions in this case do not rise to the level of conduct that is so outrageous as to exceed the bounds of decency in a civilized society.*
Accordingly, it is ordered that defendant’s motion to dismiss the first through eighth causes of action for aiding and abetting is denied; and it is further ordered that defendant’s motion to dismiss the ninth cause of action for severe emotional distress is granted.

 The court notes that there has been mention in the parties’ submissions of plaintiffs reply. Taking into account that the motion was made by defendant Wodzenski, who under the CPLR appropriately submitted reply papers, plaintiffs “reply” is not being considered because there is no such thing as a reply in support of opposition to the motion. Also, the court did not authorize such a submission.