■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. CARL A. DiSALVO, Respondent, v A.O. SMITH WATER PRODUCTS et al., Defendants, and NELES-JAMESBURY, INC., Appellant. [1 NYS3d 20]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered September 11, 2013, which denied the mo-

tion of defendant Neles-Jamesbury, Inc. for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

Defendant failed to meet its initial burden of establishing prima facie that its product could not have contributed to the causation of plaintiff's asbestos-related injury (see *Comeau v W.R. Grace & Co.—Conn.*, 216 AD2d 79, 80 [1st Dept 1995]; *Reid v Georgia-Pacific Corp.*, 212 AD2d 462 [1st Dept 1995]). While defendant's representative proffered an affidavit in which he states that it was impossible for plaintiff to have observed valves with the name Neles-Jamesbury, the affidavit was conclusory and without specific factual basis, and thus did not establish the prima facie burden of a proponent of a motion for summary judgment (see *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384-385 [2005]).

We decline to consider defendant's argument that it did not have a duty to warn of asbestos in the insulation used on its valves, a product that it did not manufacture, as the argument was made for the first time on appeal (see *Gonzalez v Fidelity & Deposit Co. of Maryland*, 119 AD3d 432 [1st Dept 2014]). Concur—Gonzalez, P.J., Tom, Friedman, Acosta and Moskowitz, JJ.