■ Harry Mohinani et al., Respondents, v Tzlila Charney et al., Appellants. [67 NYS3d 10]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered March 14, 2016, which, to the extent appealed from, denied defendants' motion to dismiss the breach of contract, fraudulent inducement, breach of fiduciary duty, and accounting claims, unanimously affirmed, with costs.

Contrary to defendants' contention, the complaint alleges the existence of an enforceable agreement. It is clear that Charney agreed to provide plaintiffs with equity in defendant LHC Club

LLC in exchange for their $4.5 million investment, and the specific terms governing plaintiffs' rights are not so indefinite as to render the agreement unenforceable (*see Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482-483 [1989], *cert denied* 498 US 816 [1990]). Nor is the agreement as alleged "inherently incredible" (*see M & B Joint Venture, Inc. v Laurus Master Fund, Ltd.*, 49 AD3d 258, 260, 262 n 2 [1st Dept 2008], *mod on other grounds* 12 NY3d 798 [2009]; *Jamaica Pub. Serv. Co. v Compagnie Transcontinentale De Reassurance*, 282 AD2d 227 [1st Dept 2001]).

Defendants failed to demonstrate as a matter of law that the complaint does not state a claim for fraudulent inducement. An issue of fact exists whether plaintiffs had "knowledge of New York real estate or United States laws, customs or business practices with respect to real estate or investments" (*Roni LLC v Arfa*, 18 NY3d 846, 849 [2011] [internal quotation marks omitted]). Thus, an issue of fact exists whether plaintiffs were sophisticated parties who can be charged with heightened due diligence obligations (*see ACA Fin. Guar. Corp. v Goldman, Sachs & Co.*, 25 NY3d 1043, 1046-1047 [2015]; *HSH Nordbank AG v UBS AG*, 95 AD3d 185, 194-195 [1st Dept 2012]). Questions exist whether the alleged statements and omissions that induced plaintiffs to invest their money pertained to matters peculiarly within Charney's knowledge, and, thus, whether plaintiffs could have discovered them even with the exercise of due diligence (*see ACA Fin. Guar. Corp.*, 25 NY3d at 1044-1045; *HSH Nordbank AG*, 95 AD3d at 194-195; *see also Pludeman v Northern Leasing Sys., Inc.*, 10 NY3d 486, 491-492 [2008]). To the extent some branches of the fraud claim may be duplicative of the breach of contract claim (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]), it would be premature to dismiss them at this juncture.

The complaint alleges a fiduciary relationship between Charney, as the promoter of a real estate investment opportunity, and plaintiffs, as passive investors in the project (*see Roni*, 18 NY3d at 848).

In view of their alleged fiduciary relationship with Charney and their allegations that Charney did not provide a full accounting even after protracted discovery, plaintiffs are entitled to pursue their claim for an equitable accounting and related costs (*see Adam v Cutner & Rathkopf*, 238 AD2d 234 [1st Dept 1997]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.