Matter of New York City Asbestos Litig. v A.O. Smith Water Prods. Co. (2019 NY Slip Op 07376)





Matter of New York City Asbestos Litig. v A.O. Smith Water Prods. Co.


2019 NY Slip Op 07376


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Richter, J.P., Gische, Kapnick, Kern, Moulton, JJ.


9959 190240/17

[*1]In re New York City Asbestos Litigation 
Russell Leavitt, et al., Plaintiffs-Respondents,
v
A.O. Smith Water Products Co., et al., Defendants, Rogers Corporation, Defendant-Appellant.


Goldberg Segalla, LLP, New York (Andrew J. Scholz of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered February 22, 2019, which, to the extent appealed from, denied defendant Rogers Corporation's (Rogers) motion to dismiss for lack of jurisdiction or, alternatively, for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of granting plaintiffs jurisdictional discovery, and otherwise affirmed, without costs.
Although the record before the court was not sufficient to warrant a finding of personal jurisdiction over defendant (cf. Mischel v Safe Haven Enters., LLC, 161 AD3d 696, 697 [1st Dept 2018]), plaintiffs made a "sufficient start" in demonstrating such jurisdiction, and accordingly, jurisdictional discovery is warranted with respect to Rogers (see Avilon Auto. Group v Leontiev, 168 AD3d 78, 89 [1st Dept 2019]; Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606, 607 [1st Dept 2018]).
Additionally, Rogers failed to make a prima facie showing that its product could not have contributed to the causation of plaintiff's injury (see Matter of New York City Asbestos Litig., 123 AD3d 498, 499 [1st Dept 2014]). Accordingly, that branch of its motion which was for summary judgment dismissing the complaint was properly denied, without regard to the sufficiency of plaintiffs' papers in opposition (see Pullman v Silverman, 28 NY3d 1060, 1063 [2016], citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
We have considered Rogers's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK