Atlantis Mgt. Group II LLC v Nabe (2019 NY Slip Op 08499)





Atlantis Mgt. Group II LLC v Nabe


2019 NY Slip Op 08499


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Friedman, J.P., Renwick, Oing, Singh, JJ.


10415 651598/17

[*1] Atlantis Management Group II LLC, Plaintiff-Respondent,
v
Rajan Nabe, et al., Defendants-Appellants.


Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York (John D. D'Ercole of counsel), for appellants.
Speigel Legal, LLC, Florida (Steven J. Spiegel of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 1, 2018, which, to the extent appealed from, granted plaintiff Atlantis Management Group II LLC (Atlantis)'s motion for partial summary judgment on its cause of action for an accounting, unanimously affirmed, with costs.
Supreme Court correctly found that Atlantis may seek an equitable accounting at common law (see Gottlieb v Northriver Trading Co. LLC, 58 AD3d 550, 551 [1st Dept 2009]). As the managing members of the LLCs, the individual defendants owed plaintiff — a nonmanaging member — a fiduciary duty (see Pokoik v Pokoik, 115 AD3d 428, 429 [1st Dept 2014]). "To be entitled to an equitable accounting, a claimant must demonstrate that he or she has no adequate remedy at law" (Unitel Telecard Distrib. Corp. v Nunez, 90 AD3d 568, 569 [1st Dept 2011]). In view of the fiduciary relationship between Atlantis and the individual defendants, and the allegations that defendants denied demands for an accounting and access to their books and records, an accounting is appropriate in this case (see Mohinani v Charney, 156 AD3d 443, 444 [1st Dept 2017]; Adam v Cutner & Rathkopf, 238 AD2d 234, 242 [1st Dept 1997]). Costs and attorneys' fees were also correctly awarded pursuant to section 6.4.5 of the operating agreements.
Although the right to an accounting is distinct from a claim for an equitable accounting (see DPB Family LLC v Eutychia Group LLC, 2018 NY Slip Op 32655(U),*4 [Sup Ct, NY County 2018]), Supreme Court correctly found that it was because defendants repeatedly refused to respond to demands for access to books and records that an equitable accounting was warranted (see Morgulas v Yudell Realty, 161 AD2d 211, 213-214 [1st Dept 1990] [finding that defendant's denial to plaintiffs of access to its books in violation of its obligations as a fiduciary was sufficient to warrant an accounting]). The fact that Atlantis allegedly voluntarily gave up its right to receive financial information about the defendant LLCs does not preclude this equitable remedy.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK