Adler v DLJ Mtge. Capital, Inc. (2021 NY Slip Op 03365)





Adler v DLJ Mtge. Capital, Inc.


2021 NY Slip Op 03365


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Index No. 654812/16 Appeal No. 13935-13935A Case No. 2020-02709 

[*1]Meyer Adler, Plaintiff-Appellant-Respondent
v
DLJ Mortgage Capital, Inc., et al., Defendants-Respondents-Appellants.


Hahn Eisenberger PLLC, Brooklyn (Elliot Hahn of counsel), for appellant-respondent.
Knuckles, Komosinski & Manfro, LLP, Elmsford (Gregg L. Verrilli of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 6, 2020, which denied plaintiff's motion for summary judgment, unanimously affirmed, without costs. Order, same court and Justice, entered November 17, 2020, which, to the extent appealed from, denied the parties' motions for summary judgment, unanimously reversed, on the law, without costs, defendants motion for summary judgment granted and it is declared that defendants maintain a right, claim and lien against the subject property.
Although the motion court correctly applied the law of the case doctrine in denying summary judgment, "such prior order does not preclude review by this Court since law of the case is a doctrine that applies only to courts of coordinate jurisdiction" (Jamaica Pub. Serv. Co. v Compagnie Transcontinentale De Reassurance, 282 AD2d 227, 227 [1st Dept 2001]). Considering the merits, this case is governed by the recent Court of Appeals' decision in Freedom Mtge. Corp. v Engel ( NY3d , 2021 NY Slip Op 01090 [2021]). 
Here, the lender's 2009 notice of default did not accelerate the debt (Kirschenbaum v Wells Fargo Bank, 193 AD3d 425 [1st Dept 2021]), and even if it did, the voluntary discontinuance of the 2009 foreclosure action constituted an affirmative act of revocation of that acceleration (Freedom Mtge. 2021 NY Slip Op 01090, *6).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021