Bank of N.Y. Mellon v Nunez (2022 NY Slip Op 06418)

 Bank of N.Y. Mellon v Nunez

2022 NY Slip Op 06418

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 380670/07 Appeal No. 16640 Case No. 2022-00857 

[*1]The Bank of New York Mellon, Formally Known as The Bank of New York, as Trustee for the Certificateholders CWABS, Inc. Asset-Backed Certificates, Series 2006-26, Plaintiff-Respondent,
v
Albania Nunez et al., Defendants, MAK Asset, Inc., Defendant-Appellant.

Fadullon Dizon Krul, LLP, Jericho (Alexander Krul of counsel), for appellant.
LOGS Legal Group LLP, Rochester (Austin T. Shufelt of counsel), for respondent.

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about November 18, 2019, which granted plaintiff's motion for summary judgment as against MAK Asset, Inc. as to all issues, except as to the issue of plaintiff's standing to commence this action, unanimously affirmed, without costs.
By order entered July 1, 2013, Supreme Court granted plaintiff's motion for a default judgment against defendant borrower Albania Nunez and the appointment of a referee to compute the amounts due plaintiff (see HF Mgt. Servs., LLC v Dependable Care, LLC, 198 AD3d 457, 458 [1st Dept 2021] ["It is well established that, by defaulting, a defendant admits all traversable allegations contained in the complaint, and thus concedes liability, although not damages"]). By order dated September 10, 2018, Supreme Court granted MAK leave to intervene; however, after a hearing, the court also found that Nunez had been properly served and denied her motion to vacate her default and dismiss this action. Thus, in the instant order appealed from, Supreme Court correctly found that Nunez was in default (see Adler v DLJ Mtge. Capital, Inc., 194 AD3d 633, 633 [1st Dept 2021]).
In taking title to the subject premises, MAK's intervention in this foreclosure action is premised only upon its "common-law right to redeem the mortgage prior to sale by tendering to the mortgagee the principal and interest due on the mortgage" (Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 405 [2d Dept 1983]). The arguments made challenging the court's finding of Nunez's default are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022