Carboni v Alfa Romeo USA (2023 NY Slip Op 05443)

Carboni v Alfa Romeo USA

2023 NY Slip Op 05443

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, JJ. 

Index No. 190328/19 Appeal No. 917 Case No. 2023-00781 

[*1]Susan Carboni as Executrix for the Estate of Francesco Carboni, etc., Plaintiff-Respondent,
v
Alfa Romeo USA, et al., Defendants, Porsche Cars North America, Inc., Defendant-Appellant.

DLA Piper LLP (US), New York (Christopher G. Campbell of counsel), for appellant.
Weitz & Luxenberg, P.C., New York (Jason P. Weinstein of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered January 27, 2023, which denied the motion of defendant Porsche Cars North America, Inc. (PCNA) for summary judgment dismissing the complaint, unanimously affirmed, without costs.
While an affidavit is generally considered competent and sufficient evidence on a motion for summary judgment (see Miller v City of New York, 253 AD2d 394 [1st Dept 1998]), an affidavit that is conclusory and without specific factual basis does not satisfy the prima facie burden of a proponent of a motion for summary judgment (see Matter of New York City Asbestos Litig., 123 AD3d 498, 499 [1st Dept 2014]). Here, PCNA's employee affidavit concerning the time period during which it distributed the allegedly asbestos-containing products was based on his review of unspecified documents between unspecified entities and was thus insufficient to meet PCNA's prima facie burden. PCNA's attempt to correct this deficiency on reply was improper and insufficient (see Hawthorne v City of New York, 44 AD3d 544, 544-545 [1st Dept 2007]). In any event, even if PCNA established that it did not have any liability for products distributed prior to 1984, decedent's deposition testimony, while equivocal in part, allows the inference that that plaintiff worked on asbestos-containing PCNA products in 1984 and beyond. Additionally, the deposition testimony of decedent's coworker raised questions of fact as to whether decedent worked with PCNA products as late as 1988.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023