Tarro v Amadei (2025 NY Slip Op 03003)

Tarro v Amadei

2025 NY Slip Op 03003

Decided on May 15, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 15, 2025

Before: Kern, J.P., Kennedy, González, Shulman, O'Neill Levy, JJ. 

Index No. 657677/19|Appeal No. 4379-4380|Case No. 2024-00958 2024-00959|

[*1]Michael Tarro, Individually and Derivatively on Behalf of 247 Deli, LLC, Plaintiff-Respondent,
v
Mark Thomas Amadei, et al., Defendants-Appellants. 

The Shell Law Firm, PPLC, New York (Martin A. Shell of counsel), for appellants.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Annie P. Kubic of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about December 20, 2023, which, to the extent appealed from, granted plaintiff's motion for summary judgment on his accounting claim, appointed a neutral receiver or liquidating trustee to administer the orderly distribution of the assets of 247 Deli, LLC (the Company), directed defendants to pay the receiver's costs, and denied defendants' cross-motion to dismiss the complaint, unanimously modified, on the law, to vacate the provision requiring defendants to bear the costs of the receiver, and otherwise affirmed, without costs.
Plaintiff demonstrated his prima facie entitlement to an equitable accounting (see Atlantis Mgt. Group II LLC v Nabe, 177 AD3d 542, 543 [1st Dept 2019]). Defendants, as managing members of the Company, owed a fiduciary duty to plaintiff, who was a nonmanaging member, and the record undisputedly establishes that defendants repeatedly denied plaintiff's demands for access to the books and records of the Company, to which he was entitled under the operating agreement (see Mohinani v Charney, 156 AD3d 443, 444 [1st Dept 2017]). For example, in 2023, upon issuance of a court-ordered subpoena after defendants refused to consent to disclosure, plaintiff finally acquired from defendants' accountant some of the information he sought, nearly four years after commencement of this action. In opposition, defendants relied solely on the conclusory and uncorroborated affidavit of defendant Andrew Glassberg, one of the managing members, and thus failed to raise any triable issue of fact on plaintiff's equitable accounting claim (see Matter of New York City Asbestos Litig., 123 AD3d 498, 499 [1st Dept 2014]; see also JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385 [2005]).
The court properly rejected defendants' argument that plaintiff was obligated to submit a pre-suit demand for an accounting, as plaintiff's substantiated allegations sufficiently establish demand futility (see Bansbach v Zinn, 1 NY3d 1, 9 [2003]; Calderoni v 260 Park Ave. S. Condominium, 220 AD3d 563, 564 [1st Dept 2023]). Plaintiff alleged, among other things, that defendants are insider majority owners who control the Company; that they attempted to amend the operating agreement to allow them to solicit additional loans from members; that they breached their fiduciary duties to plaintiff and other minority shareholders by appropriating Company profits without repaying their investments; that they received bonuses and payments from the Company even when it was operating at a loss; and that plaintiff repeatedly and unsuccessfully requested access to the Company's financial records. These allegations of self-dealing and misconduct are sufficient to negate the necessity of a pre-suit demand (see Barr v Wackman, 36 NY2d 371, 376 [1975]). The court therefore providently exercised its discretion by appointing a neutral receiver (see Limited Liability Corporation Law § 703[*2]; Doyle v Icon, LLC, 103 AD3d 440, 440-41 [1st Dept 2013]; Chaline Estates, Inc. v Furcraft Assoc., 278 AD2d 141, 142 [1st Dept 2000]).
However, the court prematurely ordered defendants to bear all costs of the receiver. Typically, a receiver is paid from the receivership, absent exhaustion of those funds or other who special circumstances (see CPLR 8004; see also Sun Beam Enters., Inc. v Liza Realty Corp., 210 AD2d 153, 154 [1st Dept 1994]). If the accounting ultimately reveals that the Company was insolvent because of defendants' mismanagement or appropriation of Company assets, or if defendants later obstruct the receiver's efforts, defendants could properly be required to pay those costs (see Terrastone Audubon, L.P. v Blair Ventures, LLC, 160 AD3d 526, 527 [1st Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 15, 2025