DLJ Mtge. Capital, Inc. v Adler (2026 NY Slip Op 00613)

DLJ Mtge. Capital, Inc. v Adler

2026 NY Slip Op 00613

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 850324/18|Appeal No. 5787-5788|Case No. 2024-05765, 2024-07389|

[*1]DLJ Mortgage Capital, Inc., Plaintiff-Respondent,
vMeyer Adler et al., Defendants-Appellants, Mortgage Electronic Registration Systems, Inc. et al., Defendants. Case Nos.

Hahn Eisenberger PLLC, Brooklyn (Elliot Hahn of counsel), and Fleischmann PLLC, New York (Jeffrey Fleischmann of counsel), for appellants.
Knuckles & Manfro, LLP, Tarrytown (Max Saglimbeni of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered September 27, 2024, which denied the motion of defendants Meyer Adler and 56 West 126 Holding, LLC (together, defendants) for leave to renew their opposition to plaintiff's motion for summary judgment and 56 West's cross-motion to dismiss the complaint based on the statute of limitations, unanimously reversed, on the law, without costs, the motion for leave to renew granted and, upon renewal, plaintiff's motion denied and 56 West's cross-motion granted. The Clerk is directed to enter judgment accordingly. Appeals from order, same court and Justice, entered August 12, 2024, which granted plaintiff's motion for summary judgment and denied 56 West's cross-motion to dismiss, unanimously dismissed, without costs, as academic.
On or about July 28, 2005, defendant Meyer Adler granted a nonparty a note and a mortgage securing 56 West 126th Street in Manhattan. Adler later deeded the property to defendant 56 West 126 Holding, LLC. On September 8, 2009, nonparty GMAC Mortgage LLC brought a foreclosure action against Adler. In GMAC's complaint, it stated that it was accelerating the loan. GMAC then voluntarily discontinued the action on July 27, 2011, but never expressly stated that it was revoking the acceleration. On September 12, 2016, Adler brought an action seeking a declaration canceling and discharging the note. In November 2018, while the declaratory judgment action was pending, plaintiff, GMAC's successor-in-interest, commenced this foreclosure action upon the note and mortgage. In May 2021, this Court affirmed the dismissal of the declaratory judgment action holding that the 2009 default notice did not accelerate the debt and that, even if it did, under Freedom Mtge. Corp. v Engel (37 NY3d 1 [2021]), the voluntary discontinuance of the 2009 action revoked the acceleration (Adler v DLJ Mtge. Capital, Inc., 194 AD3d 633 [1st Dept 2021]).
On October 29, 2021, plaintiff moved for summary judgment in this foreclosure action. Defendant 56 West cross-moved to dismiss the complaint. The motion was fully submitted in January 2022.
On December 30, 2022, New York enacted the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821), which, among other things, amended CPLR 3217 to add subdivision (e), which provided that the voluntary discontinuance of an action on a note or mortgage "shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset" the statute of limitations (see L 2022, ch 821, § 8; cf. CPLR 213[4]). FAPA section 10 provided that the act "shall take effect immediately" and would apply to all foreclosure actions "in which a final judgment of foreclosure and sale has not been enforced" (L 2022, ch 821, § 10).
By order entered August 12, 2024, the motion court granted plaintiff's motion for summary judgment based on the papers which were fully submitted by January 2022. In September 2024, defendants filed their motion seeking leave to renew and, upon renewal, to dismiss the action based on FAPA.
The motion court should have granted defendants' motion to renew based on CPLR 3217(e) (see e.g. Bank of N.Y. Mellon v Bosboom, 238 AD3d 504, 504 [1st Dept 2025]). FAPA applies to this action, as there has been no enforcement of a judgment of foreclosure and sale (see L 2022, ch 821, § 10). Under FAPA, GMAC's 2011 discontinuance did not revoke its acceleration of the note (see CPLR 3217[e]). Accordingly, since the note was accelerated in 2009, plaintiff had six years, i.e., until September 2015, to bring this action.
The court was correct to observe that the statute of limitations argument raised in the motion for leave to renew had not been articulated in defendants' original motion papers. However, plaintiff's summary judgment motion sought to dismiss defendants' affirmative defenses, including those premised on the statute of limitations, and defendants opposed the motion, relying in part on the defenses raised in their answers. The law changed after the original motion and cross-motion were fully submitted. At that time defendants filed their motion to renew, using the precise procedural mechanism that the CPLR authorizes to undo a prior order based on a change in the law. At that time, they briefed their statute of limitations defense fully.
Plaintiff argues that FAPA does not have retroactive effect. The Court of Appeals rejected that argument conclusively in Article 13 LLC v Ponce De Leon Federal Bank (NY3d - , 2025 NY Slip Op 06536 [2025]; see Genovese v Nationstar Mtge. LLC, 223 AD3d 37, 45 [1st Dept 2023]). Applying FAPA here would not violate the Contracts Clause of the United States Constitution, as plaintiff points to no contractual provision that allowed it to deaccelerate its loan or that FAPA otherwise impaired (Article 13 LLC at *4 - 5; see Bank of N.Y. Mellon v Del Rio, 233 AD3d 529, 532 [1st Dept 2024]). Article 13 LLC also held that FAPA does not violate either the substantive or procedural due process protections provided by our state Constitution (id.). Nor would retroactive application of FAPA violate the due process clause of the United States Constitution, as the 2011 stipulation of discontinuance was silent as to whether GMAC deaccelerated its loan (see id. at 531-532). Similarly, FAPA did not effect an unconstitutional taking. Plaintiff claims that FAPA deprived it of its property interest in its mortgage. We rejected that argument in Bank of New York v Del Rio (233 AD3d at 532). Plaintiff had no right to rely on the law in effect when the original lender entered into the loan agreements under which GMAC could deaccelerate its mortgage by voluntarily discontinuing the 2009 action (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1070-1071 [2d Dept 2024]; see also Bosboom, 238 AD3d at 505). Finally, FAPA is not an unconstitutional bill of attainder (see Dagrin at 1072; see also Wilmington Trust, N.A. v Farkas, 232 AD3d 524, 525-526 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026