■ In the Matter of J. Ezra Merkin, Respondent, v Joshua M. Berman, on Behalf of Joshua M. Berman Individual Retirement Accounts, Appellant. [1 NYS3d 21]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 23, 2014, which to the extent appealed from, denied respondent's motion pursuant to CPLR 3212 to direct petitioner J. Ezra Merkin to consent to his becoming a participating investor in a settlement of an action brought by the New York Attorney General (AG) against petitioner (*Cuomo v Merkin* [index No. 450879/090]), or, in the alternative, for a judgment against petitioner for monetary damages, unanimously affirmed, with costs.

Respondent's claims arise from losses incurred in his individual retirement account (IRAs), which were invested in funds managed by petitioner, who had given control of those assets to Bernard L. Madoff, and which were lost as a result of Madoff's Ponzi scheme. The AG later commenced a Martin Act suit against petitioner, and respondent commenced an arbitration against him. Ultimately, respondent had to decide whether to forgo participation in the settlement of the Martin Act action and pursue the arbitration. He chose the latter, allegedly based on misleading information provided by petitioner. The arbitrators denied his claim in its entirety.

Contrary to respondent's contentions, petitioner had no duty, directly or through his counsel, to advise respondent, during settlement negotiations in the arbitration proceeding, that under the terms of the AG's settlement, small investors who, like respondent, were aware of Madoff's involvement, would recover the same amount as other investors, notwithstanding that this fact was not stated in the AG's press release, which in fact suggested that small investors who knew of Madoff's involvement would recover less.

No fiduciary duty exists between the parties that would have required disclosure of these facts. If any fiduciary relationship ever existed, it ceased when the parties became adversaries in litigation (*Eastbrook Caribe, A.V.V. v Fresh Del Monte Produce,*

*Inc.*, 11 AD3d 296, 297 [1st Dept 2004], *lv dismissed in part, denied in part*, 4 NY3d 844 [2005]). For the same reason, respondent failed to demonstrate that petitioner had a duty to disclose arising out of any other relationship between them (*see e.g. 900 Unlimited v MCI Telecom. Corp.*, 215 AD2d 227 [1st Dept 1995]).

Contrary to respondent's contention, the special facts doctrine did not require petitioner to disclose the information at issue, since it applies only in "business dealings" between parties to a prospective transaction (*Jana L. v West 129th St. Realty Corp.*, 22 AD3d 274, 277 [1st Dept 2005]). Respondent's decision whether to proceed to an award in an arbitration against petitioner rather than participate in a settlement is not the kind of transaction to which courts have applied the special facts doctrine (*compare e.g. P.T. Bank Cent. Asia, N.Y. Branch v ABN AMRO Bank N.V.*, 301 AD2d 373, 378 [1st Dept 2003]; *Allen v WestPoint-Pepperell, Inc.*, 945 F2d 40, 45 [2d Cir 1991]). Furthermore, respondent failed to demonstrate that he could not have discovered the relevant information through the exercise of ordinary intelligence (*see Jana L.*, 22 AD3d at 278). If his counsel had contacted the receiver of the fund, among other sources, rather than relying on his adversary's counsel's limited information, he would have acquired the relevant information. Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.