■ LUMEN AT WHITE PLAINS, LLC, et al., Appellants, v MOSES STERN, Also Known as MARK STERN, et al., Defendants, and REISS EISENPRESS LLP et al., Respondents. [24 NYS3d 46]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered August 19, 2014, which granted defendants-respondents' (defendants) motion to dismiss the complaint as against them, unanimously affirmed, without costs.

The motion court correctly dismissed the claim that defendants aided and abetted a fraud, as plaintiffs failed to adequately plead that defendants had actual knowledge of the fraud, or that they provided substantial assistance in the fraud's commission (*Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co.*, 64 AD3d 472, 476 [1st Dept 2009], *lv denied* 13 NY3d 709 [2009]). The complaint does not allege that defendants knew about the fraudulent transactions, but only that they and other defendant lawyers "knew of each other's involvement" and failed to, among other things, "advise the Plaintiffs once the fraud was discovered." Such limited allegations amount to, at best, constructive knowledge, which is insufficient to support an aiding and abetting fraud claim (*see Gregor v Rossi*, 120 AD3d 447, 448-449 [1st Dept 2014]). Further, plaintiffs' allegations that defendants failed to act are insufficient to show "substantial assistance," as plaintiffs do not sufficiently allege that defendants had a duty to act to protect plaintiffs' interests (*see Stanfield*, 64 AD3d at 476; *see*

*also Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 562 [2009]). Plaintiffs' allegations of an attorney-client relationship between them and defendants are conclusory (*see Denenberg v Rosen*, 71 AD3d 187, 196 [1st Dept 2010], *lv dismissed* 14 NY3d 910 [2010]) and refuted by the documentary evidence submitted by defendants. Plaintiffs' allegations that defendants released signed documents from escrow in connection with a sale of an interest in plaintiff LLC are insufficient to show "substantial assistance," because defendants' acts fall within the scope of their duties as counsel for defendant Stern, the buyer (*Barbarito v Zahavi*, 107 AD3d 416, 420 [1st Dept 2013]).

Plaintiffs have abandoned any claim of fraud against defendants, and, in any event, the complaint fails to allege that defendants themselves engaged in fraud. Plaintiffs' unjust enrichment claim is conclusory, as they failed to allege, among other things, how defendants were unjustly enriched (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 183 [2011]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.