■ BALANCED RETURN FUND LIMITED et al., Appellants, v ROYAL BANK OF CANADA et al., Respondents. [28 NYS3d 589]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered November 3, 2014, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff Balanced Return Funds Limited's causes of action for breach of fiduciary duty, fraud, aiding and abetting breach of fiduciary duty and aiding and abetting fraud, unanimously affirmed, with costs.

The motion court correctly found that defendant was not in a fiduciary relationship with plaintiff because they were not in any relationship giving rise to such duties (*see Oddo Asset Mgt. v Barclays Bank PLC*, 19 NY3d 584, 594 [2012]), because defendant's status as depositary bank for the investors in the subject transaction created only a debtor-creditor relationship (*see id.* at 592), and because, although not noted by the parties, a fiduciary relationship must exist prior to the transaction complained of and not as a result of it (*see Elghanian v Harvey*, 249 AD2d 206 [1st Dept 1998]).

Defendant was not liable for fraudulent concealment because it lacked a duty to disclose the overvaluation and illiquidity of the investment assets (*see Dembeck v 220 Cent. Park S., LLC*,

33 AD3d 491, 492 [1st Dept 2006]). It was neither a fiduciary nor possessed of special knowledge in a direct transaction with plaintiff (*see Matter of Merkin v Berman*, 123 AD3d 523, 524 [1st Dept 2014]).

Plaintiff failed to raise an issue of fact by submitting evidence showing that defendant knew it was structuring the transaction to plaintiff's detriment in order to benefit the nonparty primary wrongdoer (*compare Yuko Ito v Suzuki*, 57 AD3d 205, 208 [1st Dept 2008], *with Roni LLC v Arfa*, 72 AD3d 413 [1st Dept 2010], *affd* 15 NY3d 826 [2010]). To the extent that the alleged assistance provided to the primary wrongdoer consisted of inaction, it was insufficient to support the aiding and abetting claims (*see Lumen at White Plains, LLC v Stern*, 135 AD3d 600 [1st Dept 2016]). Because substantial assistance and actual knowledge are both essential elements of aiding and abetting claims, it is unnecessary to address plaintiff's argument that "turning a blind eye" amounts to the requisite actual knowledge, rather than constructive knowledge.

In view of the foregoing grounds for summary dismissal, it is also unnecessary to address the parties' contentions regarding the proximate cause of plaintiff's damages and whether the claims are barred by the in pari delicto doctrine. Concur— Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.