Aboelnaga v National Bank of Can. (2022 NY Slip Op 03467)





Aboelnaga v National Bank of Can.


2022 NY Slip Op 03467


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Kapnick, J.P., Mazzarelli, Gesmer, Shulman, Rodriguez, JJ. 


Index No. 654430/20 Appeal No. 16112 Case No. 2022-00546 

[*1]Mona Aboelnaga, Plaintiff-Respondent,
v
National Bank of Canada et al., Defendants-Appellants, Proctor Investment Managers LLC et al., Defendants.


Brody & Browne LLP, New York (Lauren Reiter Brody of counsel), for appellants.
Sack & Sack, LLP, New York (Jonathan S. Sack and Queenie Paniague of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered February 2, 2022, which denied defendants National Bank of Canada (NBC) and National Bank Financial's (NBF) motion to dismiss the complaint as against them pursuant to CPLR 3211(a)(1), (5), and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff's claim that NBC and NBF are defendant Proctor Investment Managers LLC's (PIM) alter egos is barred by both res judicata (see e.g. Matter of Hunter, 4 NY3d 260, 269 [2005]) and collateral estoppel (see e.g. Koch v Consolidated Edison Co. of N.Y., 62 NY2d 548, 554 [1984], cert denied 469 US 1210 [1985]). In 2016, plaintiff sued NBC, NBF, and PIM, alleging — as she does in the instant action — that NBC and NBF were PIM's alter egos. In August 2018, Supreme Court (Gerald Lebovits, J.) granted NBC and NBF's motion to dismiss that action.
While the prior action did not allege fraudulent conveyance, the doctrine of res judicata bars plaintiff from raising that claim here because she could have raised it in the prior action (see Hunter, 4 NY3d at 269). Plaintiff learned on or about May 9, 2017 that nonparty Conquest Capital Group had repurchased the equity it had previously sold to PIM. She filed an amended complaint in the prior action on May 26, 2017. Although plaintiff alleges that she did not discover the price at which Conquest repurchased its equity until November 2018, she could have learned this fact earlier by making inquiries (see Pitcock v Kasowitz, Benson, Torres & Friedman, LLP, 80 AD3d 453, 454 [1st Dept 2011], lv denied 16 NY3d 711 [2011]).
Even if the fraudulent conveyance claims against NBC and NBF were not barred by res judicata, we would dismiss them for failure to state a cause of action. Neither NBC nor NBF was a transferee (see Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]). The conveyance of which plaintiff complains is the sale of PIM's stake in Conquest, allegedly for less than fair consideration. PIM gave its stake to Conquest, and Conquest sent money to PIM. PIM subsequently sent the money to plaintiff.
Nor does the complaint allege that NBC and NBF were beneficiaries of the conveyance (see id.). Furthermore, the damages that plaintiff seeks — the unsatisfied amount of her judgment against PIM — are not a proper remedy under Debtor and Creditor Law former section 278(1) (see e.g. D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 453 [1st Dept 2013]). Plaintiff's reliance on Debtor and Creditor Law new section
276(a)(3)(iii) is unavailing, as that statute applies to transfers made after April 4, 2020, and PIM's sale of its stake in Conquest occurred as of May 4, 2017.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022