Gaughan v Russo (2023 NY Slip Op 01741)

Gaughan v Russo

2023 NY Slip Op 01741

Decided on March 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 30, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Friedman, González, JJ. 

Index No. 101600/17 Appeal No. 17624 Case No. 2022-02687 

[*1]Aylin Gaughan, Plaintiff-Appellant,
v
Michael Joseph Russo, Defendant-Respondent.

Aylin Gaughan, appellant pro se.
Thomas Torto, New York, for respondent.

Order, Supreme Court, New York County (Anthony Cannataro, J.), entered April 4, 2019, which, to the extent appealed from as limited by the briefs, denied without prejudice plaintiff's motion for leave to amend the complaint to add causes of action against Irene Russo, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion to amend the complaint to add a claim of aiding and abetting fraud against Irene Russo, defendant's sister, because the proposed claim was palpably insufficient (see Fairpoint Cos., LLC v Vella, 134 AD3d 645, 645 [1st Dept 2015]). Plaintiff was required to allege "the existence of the underlying fraud, actual knowledge, and substantial assistance" (Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). Assuming plaintiff adequately alleged an underlying fraud by defendant, she failed to plead that Irene Russo had actual knowledge thereof and that she provided substantial assistance in the commission of the fraud. The proposed complaint alleged only that Irene was aware that defendant owed plaintiff money and failed to warn plaintiff of his history of dishonesty with his previous girlfriends. Such limited allegations amount to, at best, constructive knowledge, which is insufficient to support a claim for aiding and abetting fraud (see Gregor v Rossi, 120 AD3d 447, 448-449 [1st Dept 2014]). Furthermore, plaintiff's allegation that Irene failed to act was insufficient to show substantial assistance. Plaintiff did not sufficiently allege that Irene had a duty to act to protect plaintiff's interests (see Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]).
We decline to review the additional theories of liability advanced by plaintiff for the first time on appeal, since they were never raised on her motion to amend the complaint (see Davila v City of New York, 95 AD3d 560, 561 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2023