Merchant Factors Corp. v Crush Apparel & Accessories Inc. (2023 NY Slip Op 50755(U))

[*1]

Merchant Factors Corp. v Crush Apparel & Accessories Inc.

2023 NY Slip Op 50755(U)

Decided on July 21, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
Supreme Court, New York County

Merchant Factors Corp., Plaintiff,

against
Crush Apparel & Accessories Inc., 108 Crosby LLC, Erica Kraiem, Joan Kraiem, Victor Kraiem, Moshe Ades, Shirley Ades, Ben Epstein, 201 Oakhurst Inc., I.L.C.K. Inc., Jiangsu Taiwan Enterprise Inc., and Kids Apparel Club, Inc., Defendants.

Index No. 656146/2019

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 160, 161, 162, 167, 171, 172, 173, 174, 175, 176, 177, 178, 187, 193 were read on this motion to DISMISS.
The following e-filed documents, listed by NYSCEF document number (Motion 006) 163, 164, 165, 168, 179, 180, 181, 182, 183, 184, 185, 186, 188, 194 were read on this motion to DISMISS.
Motion sequence numbers 005 and 006 are consolidated for disposition.
Plaintiff Merchant Factors Corp. (Merchant), a factor, brings this action to recover for an alleged fraudulent scheme perpetrated by defendant Crush Apparel & Accessories Inc. (Crush Apparel), its factored client, and its principals, officers, employees, and/or representatives, and entities that they own and control.
Defendants Crush Apparel, 108 Crosby LLC (108 Crosby), Erica Kraiem (Erica), Victor Kraiem (Victor), 201 Oakhurst Inc. (201 Oakhurst), I.L.C.K. Inc. (ILCK), Jiangsu Taiwan Enterprise Inc. (Jiangsu), and Kids Apparel Club, Inc. (Kids Apparel) move, pursuant to CPLR 3211 (a) (7), to dismiss the amended complaint for failure to state a cause of action (motion sequence number 005).
Defendant Joan Kraiem (Joan)[FN1]
also moves, pursuant to CPLR 3211 (a) (7), to dismiss the amended complaint for failure to state a cause of action (motion sequence number 006). For the reasons stated below, the motions are granted in part and denied in part.
BACKGROUND
The following facts are taken from the amended complaint. Merchant is in the business of providing factoring and other commercial financing services (NY St Cts Elec Filing [NYSCEF] Doc No. 162, amended complaint ¶ 4). According to Merchant, Crush Apparel represented itself to be an importer and distributor of clothing (id., ¶ 5). The amended complaint defines Erica, Joan, Victor, Raphael Kraiem (Raphael),[FN2]
108 Crosby, 201 Oakhurst, ILCK, Jiangsu, and Kids Apparel as the "Kraiem defendants" (id., ¶ 1). Merchant alleges that Erica, Joan, and Victor are officers and directors of Crush Apparel (id.). 108 Crosby, 201 Oakhurst, ILCK, Jiangsu, and Kids Apparel are allegedly owned and controlled by the Kraiem defendants (id., ¶¶ 6-10).
On August 30, 2017, Merchant and Crush Apparel entered into a factoring agreement, pursuant to which Crush Apparel sold and assigned all of its accounts receivable to Merchant, and Merchant made substantial cash advances to Crush Apparel (id., ¶ 24). Pursuant to the factoring agreement, "[a]s security for the payment and performance of all obligations at any time owing by [Crush Apparel] to Merchant," Crush Apparel granted to Merchant a security interest in all of its assets (the collateral), including, but not limited to:
"a first priority continuing security interest in [among other things] . . . all presently existing and hereafter arising accounts . . . , contract rights, and all other forms of obligations arising out of the sale or lease of goods or the rendition of services . . ., guarantees . . ., deposit accounts, commercial tort claims, letter of credit rights, electronic chattel paper . . ., books and records . . ., all present and future inventory . . ., all present and future raw materials, work in process, finished goods and packing and shipping materials, wherever located . . ."
(id., ¶ 25). Merchant alleges that, at the same time, and as an inducement to entering into the factoring agreement, Crush Apparel executed a written inventory supplement to the factoring agreement (id., ¶ 26). Under the inventory agreement, Crush Apparel granted to Merchant "a continuing security interest in all Inventory [as defined in the factoring agreement] now or hereafter owned by [Crush Apparel] and the proceeds thereof, wherever located, all contract rights with respect thereto and all documents representing the same" (id., ¶ 27). Merchant alleges that it perfected its security interest by filing a Uniform Commercial Code financing statement with the appropriate authorities (id., ¶ 28).
Merchant also alleges that Victor, Erica, and Joan were each authorized, on Crush Apparel's behalf, to execute assignments of sales to Merchant, to request advances from Merchant, and to direct where advances were to be remitted (id., ¶ 29). Erica, Joan, Raphael, and 108 Crosby, an entity owned by the Kraiem family, also each executed and delivered to Merchant unconditional and irrevocable guarantees of Crush Apparel's obligations (id., ¶¶ 30-31). In addition, Erica also agreed to grant to Merchant a mortgage in the amount of $499,000 on her home in Brooklyn (the Brooklyn property), and Joan agreed to grant to Merchant a mortgage in the amount of $200,000 on her home in Deal, New Jersey (the Deal property) (id., [*2]¶¶ 33-34).
The amended complaint alleges that Crush Apparel's ability to receive advances from Merchant under the factoring agreement was based in part upon a percentage of its eligible accounts receivable (id., ¶ 48). Under the factoring agreement, Crush Apparel expressly represented and warranted that each account receivable generated and assigned to Merchant: (1) "covered a bona fide sales and delivery of merchandise"; (2) "relate[d] to merchandise or services which have been accepted by [Crush Apparel's] customers . . . without dispute"; (3) was "payable in accordance with the terms of [the] related invoice"; and (4) was "absolutely enforceable against [Crush Apparel's] customers free and clear of any lien, encumbrance or dispute" (id.).
Pursuant to the factoring agreement, Merchant was permitted to and did re-factor accounts receivable assigned by Crush Apparel with The CIT Group/Commercial Services, Inc. (CIT) (id., ¶ 49). As a result, customer payments on such accounts were required to be remitted directly to CIT (id.). Merchant alleges that between December 2017 through September 2019, more than 2,000 checks totaling over $14.2 million were remitted to CIT drawn on a Crush Apparel bank account, purporting to reflect payments that Crush Apparel received directly from its customers (id., ¶ 50).
However, Merchant alleges, upon information and belief, that the remitted funds did not actually reflect legitimate, bona fide sales (id., ¶ 51). Merchant alleges that Crush Apparel fabricated nearly all of those sales to induce Merchant to advance funds to Crush Apparel (id.). Relying upon Crush Apparel's alleged misrepresentations, Merchant alleges that it advanced funds to Crush Apparel believing that the invoices were bona fide and collectible accounts receivable under the terms of the factoring agreement (id., ¶ 52).
Merchant also alleges that, in April 2019, the Kraiem defendants transferred the Deal property and Brooklyn property for less than fair consideration and in an effort to defraud their legitimate creditors, including Merchant (id., ¶ 73). On April 4, 2019, Joan and 108 Crosby transferred the Deal property to Moshe and Shirley Ades, purportedly for $1,500,000 (id., ¶ 74). On April 26, 2019, Erica and Joan transferred the Brooklyn property to 201 Oakhurst (id., ¶ 75). According to Merchant, the real property transfer report indicates that Erica was both the buyer and the seller and states that the purchase price was $0.00 (id.).
Merchant further alleges that the monies received by Crush Apparel were then transferred through the bank accounts of Jiangsu, ILCK, and Kids Apparel, with the Kraiem family siphoning a portion of the funds for their own personal use (hereinafter, the Crush Apparel transfers) (id., ¶¶ 53-56, 77-80). 
Procedural History
By order dated October 22, 2019, and superseding interim order dated December 6, 2019, the court (Sherwood, J.) granted a temporary restraining order and preliminary injunction prohibiting Crush Apparel, 108 Crosby, Erica, and Joan, and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, and all those acting in concert with and on their behalf from (a) destroying any records related to the collateral; or (b) using, transferring, hypothecating, selling, pledging, assigning, or disposing of any collateral, without first giving notice to and receiving approval from Merchant (NYSCEF Doc No. 174). The court's order directed, among other things, that all collections, be immediately remitted to Merchant (id.).
Merchant alleges that, on two separate occasions after the order was entered, Victor [*3]sought to direct payments directly to himself or to Crush Apparel (NYSCEF Doc No. 175).
The amended complaint asserts 20 causes of action (NYSCEF Doc No. 162). Defendants move to dismiss Merchant's causes of action for: (1) replevin; (2) conversion; (3) injunction; (4) accounting; (5) fraudulent misrepresentation; (6) aiding and abetting fraud; and (7) actual and constructive fraudulent conveyances. 

DISCUSSION
"On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), '[w]e accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017], quoting Leon v Martinez, 84 NY2d 83, 87-88 [1994]). However, "bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence are not presumed to be true and accorded every favorable inference" (Biondi v Beekman Hill House Apt. Corp., 257 AD2d 76, 81 [1st Dept 1999], affd 94 NY2d 659 [2000] [internal quotation marks and citation omitted]). "Where evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). " 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss'" (Moore Charitable Found., Inc. v PJT Partners, Inc., — NY3d —, 2023 NY Slip Op 03185, *2 [2023], quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005])
A. Replevin and Conversion (Fifth and Sixth Causes of Action)
Defendants argue that Merchant's fifth and sixth causes of action for replevin and conversion should be dismissed because: (1) the amended complaint fails to allege that the Kraiem defendants exercised unauthorized dominion over Merchant's funds transferred from Crush Apparel's bank accounts; (2) Merchant cannot identify any specific, identifiable funds because those funds were comingled; and (3) Merchant did not demand the return of any specific funds.
Merchant counters that it adequately alleges that it has a first priority security interest in the collateral and that defendants are wrongfully retaining possession of the collateral. According to Merchant, it sufficiently alleges a demand for the collateral and defendants' interference with Merchants' rights.
"Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. Money, if specifically identifiable, may be the subject of a conversion action" (Peters Griffin Woodward, Inc. v WCSC, Inc., 88 AD2d 883, 883 [1st Dept 1982] [citation omitted]). "Two key elements of conversion are (1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 50 [2006] [citations omitted]).
"To state a cause of action for replevin, a plaintiff must establish a superior possessory right to property in a defendant's possession" (Reif v Nagy, 175 AD3d 107, 120 [1st Dept 2019], lv dismissed 35 NY3d 986 [2020]; see also Pivar v Graduate School of Figurative Art of NY Academy of Art, 290 AD2d 212, 212 [1st Dept 2002]). The objective of replevin is the recovery of property (Genger v Genger, 2016 NY Slip Op 30602[U], *7 [Sup Ct, NY County 2016], affd 147 AD3d 443 [1st Dept 2017]). Where a defendant has acquired property legally, the plaintiff [*4]must allege demand for return of the property and refusal by the defendant for both conversion and replevin (Chen v New Trend Apparel, Inc., 8 F Supp 3d 406, 456 [SD NY 2014]).
Contrary to defendants' contention, Merchant's fifth and sixth causes of action are not limited to money, and are asserted against Crush Apparel and the Kraiem defendants. Merchant alleges that it "holds a first priority perfected security interest in all assets of Crush Apparel"; "[t]he Inventory Agreement provides that Merchant is entitled to immediate possession of the Collateral in the event of default under the Factoring Agreement"; and "Crush Apparel and the Kraiem defendants are wrongfully retaining possession of the Collateral, including but not limited to Crush Apparel's books and records maintained at its offices, and the inventory located at the Warehouses" (NYSCEF Doc No. 162 ¶¶ 106-108). Viewing the allegations in the light most favorable to Merchant (id., ¶ 66), and considering Merchant's application for a temporary restraining order and preliminary injunction (NYSCEF Doc No. 174), Merchant adequately alleges that it made a demand for the collateral. Moreover, defendants do not contest that Merchant's allegations are sufficient to allege a refusal (see Swain v Brown, 135 AD3d 629, 631 [1st Dept 2016] ["A refusal of a demand need not use the specific word 'refuse' so long as it clearly conveys an intent to interfere with the demander's possession or use of his property"] [internal quotation marks and citation omitted]).
In light of the above, defendants are not entitled to dismissal of the fifth and sixth causes of action (see Sterling Natl. Bank v Goldberg, 277 AD2d 45, 46 [1st Dept 2000], lv denied 96 NY2d 708 [2001]). 
B. Permanent Injunction (Seventh and Eighth Causes of Action)
In its seventh cause of action, Merchant requests an order:
"(i) directing Crush Apparel and the Kraiem Defendants to produce their books and records (both computerized and hard copy, including, but not limited to, bank records, cancelled checks and other banking detail) relating to all Collateral subject to Merchant's lien; (ii) directing Crush Apparel and the Kraiem Defendants to permit Merchant full and unimpeded access to the Warehouses and anywhere else that Crush Apparel's inventory is stored, including the respective Warehouses' books and records (both computerized and hard copy) pertaining to all inventory subject to Merchant's lien; and (iii) permanently enjoining and restraining Crush Apparel and the Kraiem Defendants, and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators and all those acting in concert with and on their behalf, from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, any of their books and records related to Crush Apparel, including but not limited to books, records, computer software, programs or other computerized records, or the books and records of the Warehouses relating to all Collateral subject to Merchant's lien"
(NYSCEF Doc No. 162 ¶ 116).
In its eighth cause of action, Merchant seeks an order:
"permanently enjoining and restraining Crush Apparel and the Kraiem Defendants and each of their respective officers, directors, managers, employees, members, representatives, affiliates, parents, subsidiaries, successors, assigns, agents, executors, administrators and all those acting in concert with and on their behalf or any party in possession of the Collateral or its proceeds from using, transferring, hypothecating, [*5]selling, pledging, assigning, or disposing of the Collateral and any identifiable proceeds thereof to any person, corporation, or entity other than [plaintiff], or permitting such Collateral or proceeds thereof to be subject to a security interest until the Indebtedness is paid in full"
(id., ¶ 120).
Defendants move to dismiss the seventh and eighth causes of action, arguing that Merchant fails to allege that it would suffer any irreparable harm absent a permanent injunction. In addition, defendants contend that there is no reason why they should be required to indefinitely retain books and records upon a final judgment in this matter. They further maintain that Merchant fails to allege why defendants should be retrained from using or disposing of collateral after a final judgment in this action.
In response, Merchant contends that it only requests injunctive relief until the indebtedness is paid in full, and also alleges irreparable harm absent the injunctions.
To claim entitlement to a permanent injunction, the complaint must allege the "violation of a right presently occurring, or threatened and imminent . . . that the plaintiff has no adequate remedy at law . . . that serious and irreparable injury will result if the injunction is not granted . . . and . . . that the equities are balanced in the plaintiff's favor" (Elow v Svenningsen, 58 AD3d 674, 675 [2d Dept 2009] [internal quotation marks and citation omitted]). "A permanent injunction is a drastic remedy which may be granted only where the plaintiff demonstrates that it will suffer irreparable harm absent the injunction" (Matter of 144-80 Realty Assoc. v 144-80 Sanford Apt. Corp., 193 AD3d 723, 725 [2d Dept 2021] [internal quotation marks and citation omitted]).
Applying these principles, Merchant fails to allege that it would suffer irreparable harm absent an injunction, and that it would not be adequately compensated by monetary damages. Moreover, a permanent injunction is a remedy for an underlying wrong, not a cause of action (Talking Capital LLC v Omanoff, 169 AD3d 423, 424 [1st Dept 2019], citing Reuben H. Donnelley Corp. v Mark I Mktg. Corp., 893 F Supp 285, 293 [SD NY 1995]). Merchant has not cited any cases, and the court's research has not uncovered any cases where courts have permitted permanent injunctions under similar circumstances (cf. Amity Loans v Sterling Natl. Bank & Trust Co. of NY, 177 AD2d 277, 279 [1st Dept 1991] [noting that preliminary "injunctive relief (was) appropriate to remedy the conversion of identifiable proceeds as sought in the underlying action"]). Therefore, the seventh and eighth causes of action are dismissed.
C. Accounting (Ninth Cause of Action)
The ninth cause of action requests an accounting as to all transactions relating to the collateral since August 30, 2017 (NYSCEF Doc No. 162 ¶¶ 121-126).
Defendants argue that the ninth cause of action fails because there is no fiduciary or confidential relationship among the parties. Merchant notes, in opposition to the motions, that a fiduciary relationship exists, entitling it to an accounting from Crush Apparel on all transactions since the date of the factoring agreement.
Generally, " '[t]he right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest' " (Adam v Cutner & Rathkopf, 238 AD2d 234, 242 [1st Dept 1997], quoting Palazzo v Palazzo, 121 AD2d 261, 265 [2d Dept 1986]). However, in Crocker Commercial Servs. v Davan Enters. (88 AD2d 877, 877 [1st Dept 1982]), a factually similar case, the First Department held that a plaintiff-factor was entitled to [*6]an accounting where "the factoring agreement was breached by the defendant in that fictitious nonexistent accounts were assigned to the plaintiff, and with respect to legitimate accounts, the defendant failed to notify customers of the assignment and their obligation to pay plaintiff, with the defendant receiving payments directly and taking the funds." In light of this authority, the court declines to dismiss the ninth cause of action seeking an accounting from Crush Apparel.
D. Fraudulent Misrepresentation (Tenth Cause of Action)
Defendants argue that Merchant's fraudulent misrepresentation claim is duplicative of the breach of contract claims. In opposition, Merchant maintains that it may plead causes of action in the alternative. Merchant further contends that, even if it cannot plead in the alternative, Crush Apparel misrepresented or concealed existing facts, inducing Merchant to advance millions of dollars to Crush Apparel.
To state a cause of action for fraudulent misrepresentation, the plaintiff must allege " a misrepresentation or a material omission of fact which was false and known to be false by [the] defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury'" (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 827 [2016], rearg denied 28 NY3d 956 [2016], quoting Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178 [2011]). In addition, CPLR 3016 (b) requires that "[w]here a cause of action or defense is based upon misrepresentation [or] fraud . . ., the circumstances constituting the wrong shall be stated in detail."
"A fraud-based cause of action is duplicative of a breach of contract claim 'when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract'" (Mañas v VMS Assoc., LLC, 53 AD3d 451, 453 [1st Dept 2008], quoting First Bank of the Ams. v Motor Car Funding, 257 AD2d 287, 291 [1st Dept 1999]).
"[A] cause of action for fraud may be maintained where a plaintiff pleads a breach of duty separate from, or in addition to, a breach of the contract. For example, if a plaintiff alleges that it was induced to enter into a transaction because a defendant misrepresented material facts, the plaintiff has stated a claim for fraud even though the same circumstances also give rise to the plaintiff's breach of contract claim. Unlike a misrepresentation of future intent to perform, a misrepresentation of present facts is collateral to the contract (though it may have induced the plaintiff to sign the contract) and therefore involves a separate breach of duty"
(First Bank of Ams., 257 AD2d at 291-292 [citations omitted]).
Here, Merchant's fraud claim is not duplicative of its breach of contract claims. While defendants argue that the pre-existence of the factoring agreement bars Merchant's fraud claim, Merchant does not merely allege that defendants entered into that agreement with an intention not to perform thereunder, but rather, alleges that, after that agreement was entered into, defendants misrepresented or concealed existing facts (see Eagle Comtronics, Inc. v Pico Prods., Inc., 256 AD2d 1202, 1203 [4th Dept 1998], lv denied 1999 NY App Div LEXIS 3112 [4th Dept 1999] [fraud claim not duplicative of breach of contract claim where plaintiff alleged fraud after formation of contract]; Minnie Rose LLC v Yu, 169 F Supp 3d 504, 520 [SD NY 2016] ["Misrepresentations of present facts made post-contract formation are collateral or extraneous to the contract and are actionable in fraud"]). The amended complaint alleges that defendants misrepresented or concealed that: (1) the accounts receivable assigned to Merchant were bona fide collectible receivables constituting legitimate sales and deliveries of goods to customers; (2) [*7]checks issued to CIT constituted legitimate customer payments; and (3) Crush Apparel was generating more than $7 million in sales (NYSCEF Doc No. 162 ¶¶ 50-58, 129-131). Merchant alleges that it relied on invoices submitted by Crush Apparel, and advanced funds to Crush Apparel (id., ¶¶ 52, 132-133). Based on these allegations, the fraud cause of action alleges distinct conduct from the underlying breach of contract causes of action. Accordingly, the amended complaint states a cause of action for fraud.
E. Aiding and Abetting Fraud (Eleventh Cause of Action)
The eleventh cause of action asserts a claim for aiding and abetting fraud against the Kraiem defendants (NYSCEF Doc No. 162 ¶¶ 135-139). Defendants argue that the aiding and abetting fraud claim must be dismissed because plaintiff fails to plead an underlying fraud. In addition, defendants assert that plaintiff has failed to allege specific details of fraud as to each defendant.
Merchant contends that: (1) the amended complaint sufficiently alleges the existence of an underlying fraud; (2) Victor, Erica, and Joan, as principals, officers, directors and/or agents of Crush Apparel, knew of and were involved in the fraud; and (3) any additional details are exclusively within defendants' knowledge.
To state a cause of action "for aiding and abetting fraud, the complaint must allege: '(1) the existence of an underlying fraud; (2) knowledge of this fraud on the part of the aider and abettor; and (3) substantial assistance by the aider and abettor in achievement of the fraud'" (Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009], quoting UniCredito Italiano SPA v JPMorgan Chase Bank, 288 F Supp 2d 485, 502 [SD NY 2003]). "Aiding and abetting fraud must be pleaded with the specificity sufficient to satisfy CPLR 3016 (b)" (Goel v Ramachandran, 111 AD3d 783, 792 [2d Dept 2013] [internal quotation marks and citation omitted]).
As to the second element, actual knowledge of the fraud is required (Lumen at White Plains, LLC v Stern, 135 AD3d 600, 600 [1st Dept 2016]). The First Department has instructed that "actual knowledge need only be pleaded generally, cognizant, particularly at the prediscovery stage, that a plaintiff lacks access to the very discovery materials which would illuminate a defendant's state of mind" (Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]).
With respect to the third element, "[s]ubstantial assistance exists where (1) a defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed, and (2) the actions of the aider/abettor proximately caused the harm on which the primary liability is based" (Stanfield Offshore Leveraged Assets., Ltd., 64 AD3d at 476 [internal quotation marks and citation omitted]). "[T]he mere inaction of an alleged aider or abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff" (Kaufman v Cohen, 307 AD2d 113, 126 [1st Dept 2003]).
As indicated above, the court holds that the amended complaint adequately alleges a cause of action for fraudulent misrepresentation. Nevertheless, Merchant has failed to plead substantial assistance with particularity. Indeed, the amended complaint only makes conclusory allegations that the Kraiem defendants "assist[ed] in, allow[ed], and/or conceal[ed] the assignment of fabricated receivables to Merchant and failed to notify Merchant that the receivables were fabricated despite knowing that Merchant relied upon the receivables in advancing monies to Crush Apparel" (NYSCEF Doc No. 162 ¶ 137). Absent a fiduciary duty or some other independent duty owed by the Kraiem defendants to plaintiff, this allegation is insufficient (see Stanfield Offshore Leveraged Assets, Ltd., 64 AD3d at 476 [plaintiff's allegation [*8]that defendants failed to disclose distressed company's insolvency was "insufficient to support a claim of aiding and abetting fraud absent a fiduciary duty or some other independent duty owed by [defendants] to the plaintiffs"]; see also Guaghan v Russo, 214 AD3d 592, 592 [1st Dept 2023] ["plaintiff's allegation that Irene failed to act was insufficient to show substantial assistance"]). Aiding and abetting fraud "is not made out simply by allegations which would be sufficient to state a claim against the principal participants in the fraud" (National Westminster Bank USA v Weksel, 124 AD2d 144, 149 [1st Dept 1987], lv denied 70 NY2d 604 [1987]). Therefore, defendants are entitled to dismissal of the eleventh cause of action.
F. Negligent Misrepresentation (Twelfth Cause of Action)
Defendants move to dismiss the twelfth cause of action for negligent misrepresentation. However, as pointed out by Merchant, this claim is only asserted as against defendant Ben Epstein, the Kraiem defendants' accountant (NYSCEF Doc No. 162 ¶¶ 15, 140-144). As a result, defendants are not entitled to dismissal of the twelfth cause of action. 
G. Fraudulent Conveyance (Fourteenth through Twentieth Causes of Action)
1. Actual Fraudulent Conveyance
The fourteenth through sixteenth causes of action assert actual fraudulent conveyance claims pursuant to DCL former § 276 (NYSCEF Doc No. 162 ¶¶ 151-156, 157-162, 163-168).
With respect to the fourteenth cause of action, alleging a fraudulent transfer of the Deal property, defendants argue that: (1) Merchant has no cause of action against 108 Crosby because it is not a debtor or potential debtor to Merchant; (2) Merchant fails to allege that defendants did not receive adequate consideration for the transfer of the Deal Property; (3) the transfer took place before Merchant sent any demand letters; and (4) Moshe and Shirley Ades are necessary parties to this cause of action. As for the fifteenth cause of action, alleging a fraudulent transfer of the Brooklyn property, defendants argue that Merchant fails to allege intent to defraud Merchant. Merchant contends, in opposition, that it has pled its claims with particularity, and that it has alleged multiple badges of fraud with respect to the transfers of the Deal property and Brooklyn property.
DCL former § 276 provides that "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors." To state a cause of action under DCL former § 276, the plaintiff must comply with CPLR 3016, and allege that the conveyance was made with "intent to hinder, delay or defraud present or future creditors" (RTN Networks, LLC v Telco Group, Inc., 126 AD3d 477, 478 [1st Dept 2015]). 
"Due to the difficulty of proving actual intent to hinder, delay, or defraud creditors, the pleader is allowed to rely on 'badges of fraud' to support his [or her] case, i.e., circumstances so commonly associated with fraudulent transfers that their presence gives rise to an inference of intent" (Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999] [internal quotation marks and citation omitted]). These include "a close relationship between the parties to the alleged fraudulent transaction, a questionable transfer not in the usual course of business, inadequacy of the consideration, the transferor's knowledge of the creditor's claim and the inability to pay it, and retention of control of the property by the transferor after the conveyance" (id.; see generally HBE Leasing Corp. v Frank, 48 F3d 623, 639 [2d Cir 1995] ["Actual fraudulent intent must be proven by clear and convincing evidence, but it may be inferred from the circumstances surrounding the transaction, including the relationship among the parties and the secrecy, haste, or unusualness of the transaction"]).
In this case, contrary to defendants' contention, 108 Crosby is a potential debtor to Merchant. 108 Crosby executed a corporate guaranty, in which it:
"guarantee[d] the due and full performance by the Principal, in all respects of the Factoring Agreement between you and the Principal dated 8/30/2017, as amended hereafter owing to you by the Principal, direct or indirect, fixed or contingent, now due or hereafter arising, and whether under said Agreement or otherwise, including but not limited to any and all sums due or to become due to you upon any claims owed or held by you whether originally owned or held by you or at any time assigned to you"
(NYSCEF Doc No. 88 at 2).
Moreover, the fourteenth and fifteenth causes of action sufficiently allege badges of fraud, sufficient to support DCL former § 276 claims (see Lynx Capital Partners of NJ, LLC v Bayes Capital LLC, 2023 NY Slip Op 03408, *2 [1st Dept 2023]; Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc., 117 AD3d 427, 428 [1st Dept 2014]; Nonas v Romantini, 271 AD2d 292, 292 [1st Dept 2000]). Merchant alleges that Joan and 108 Crosby transferred the Deal property on April 4, 2019 to the Ades for $1,500,000, at a time when their alleged fraudulent scheme was about to be exposed (NYSCEF Doc No. 162 ¶¶ 66, 74). Defendants argue that Merchant fails to allege inadequate consideration for this transaction. Nevertheless, " [w]here actual intent to defraud creditors is proven, the conveyance will be set aside regardless of the adequacy of consideration given" (In re Sharp Intl. Corp., 403 F3d 43, 56 [2d Cir 2005], quoting United States v McCombs, 30 F3d 310, 328 [2d Cir 1994]). Merchant further alleges that, at around the same time, Erica and Joan transferred the Brooklyn property to 201 Oakhurst, an entity controlled by the Kraiem defendants, for $0.00 (NYSCEF Doc No. 162 ¶ 75). According to Merchant, Erica and Joan were aware of Merchant's claim and Crush Apparel's inability to pay it, as they were officers, directors, and/or agents of Crush Apparel (id., ¶¶ 29-30, 44-45).
However, the court finds that the fourteenth cause of action must be dismissed for failure to state a cause of action.[FN3]
In response to defendants' argument that Moshe and Shirley Ades are necessary parties to the fourteenth cause of action, Merchant argues that it can obtain a money judgment against Joan and 108 Crosby for the value of the Deal property that was fraudulently conveyed (NYSCEF Doc No. 171 at 22). However, the Debtor and Creditor Law does not, "either explicitly or implicitly, create a creditor's remedy for money damages against parties who . . . were neither transferees of the assets nor beneficiaries of the conveyance" (Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]). Neither Joan nor 108 Crosby were transferees, and the amended complaint only makes conclusory allegations that Joan and 108 Crosby benefitted from the fraudulent transfers (see Aboelnaga v National Bank of Can., 205 AD3d 636, 637 [1st Dept 2022]; Breslin Realty Dev. Corp. v Smith & DeGroat, Inc., 175 AD3d 1234, 1235 [2d Dept 2019]). Therefore, the fourteenth cause of action is dismissed.
Defendants argue that the sixteenth cause of action, asserting a fraudulent conveyance claim with respect to the Crush Apparel money transfers, is duplicative of Merchant's causes of action for conversion and replevin. Nevertheless, the court finds that these claims are not redundant. The fraudulent conveyance claim seeks to avoid the Crush Apparel transfers, while the replevin and conversion claims seek damages and the delivery of the collateral pursuant to [*9]the factoring agreement and inventory agreement (NYSCEF Doc No. 162 ¶¶ 105-113, 163-168). Further, the sixteenth cause of action also states a cause of action under DCL former § 276, given the allegations that (1) Victor, Erica, Raphael and/or Joan were authorized signatories on the entities' bank accounts (id., ¶¶ 43-46); (2) approximately $1.9 million of Merchant's monies were transferred and/or paid to Victor, Raphael, Erica, Joan, 201 Oakhurst or to pay down the mortgages on the Deal Property and Brooklyn Property (id., ¶ 79); and (3) defendants sought to hide the transfers by moving money through various accounts (id., ¶¶ 77-78, 164). The amended complaint has, therefore, alleged several badges of fraud that give rise to an inference of intent to defraud Merchant (see Pen Pak Corp. v LaSalle Natl. Bank of Chicago, 240 AD2d 384, 386 [2d Dept 1997]).
Accordingly, defendants are only entitled to dismissal of the fourteenth cause of action.
2. Constructive Fraudulent Conveyance
With respect to the seventeenth through twentieth [FN4]
causes of action, defendants argue that these causes of action are duplicative of Merchant's causes of action for conversion and replevin, and Merchant fails to plead knowledge and an intent to defraud Merchant. Merchant, however, argues that it adequately pleads constructive fraudulent conveyances.
To state a cause of action for constructive fraudulent conveyance, the plaintiff must allege lack of "fair consideration" and that one of the following three conditions is satisfied:
"(i) the transferor is insolvent or will be rendered insolvent by the transfer in question, DCL [former] § 273; (ii) the transferor is engaged in or is about to engage in a business transaction for which its remaining property constitutes unreasonably small capital, DCL [former] § 274; or (iii) the transferor believes that it will incur debt beyond its ability to pay, DCL [former] § 275"
(In re Sharp Intl. Corp., 403 F3d at 53). Fair consideration requires that "the exchange not only be for equivalent value, but also that the conveyance be made in good faith" (Ede v Ede, 193 AD2d 940, 941-942 [3d Dept 1993]). Fair consideration exists "when in exchange for such property or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied" or "[w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in an amount not disproportionately small as compared with the value of the property, or obligation obtained" (Debtor and Creditor Law [former] § 272).
In this case, Merchant only makes conclusory allegations that "at the time of all Crush Apparel Transfers, Crush Apparel was insolvent or was rendered insolvent thereby," "Crush Apparel was engaged in a business or a transaction or was about to engage in a business or a transaction, for which any property remaining in its hands after the transfer constituted an unreasonably small capital," and that "[t]he Crush Apparel Transfers were made for less than fair consideration and with the intent or belief that Crush Apparel would incur debts beyond its ability to pay as said debts matured" (NYSCEF Doc No. 162 ¶¶ 171, 175, 179). Accordingly, the seventeenth, eighteenth, and nineteenth causes of action are dismissed (see Swartz v Swartz, 145 AD3d 818, 828 [2d Dept 2016]). 
3. Attorney's Fees Pursuant to Debtor and Creditor Law former § 276-a
As discussed above, the fifteenth and sixteenth causes of action state causes of action for [*10]actual fraudulent conveyances. Accordingly, defendants are not entitled to dismissal of the twentieth cause of action seeking attorney's fees (see Schoenberg v Schoenberg, 113 Misc 2d 356, 359 [Sup Ct, Nassau County 1982], affd as mod 90 AD2d 827 [2d Dept 1982] ["Actual intent, as distinguished from the intent presumed by § 273—a, is required before attorneys' fees will be awarded"]).

 CONCLUSION
Accordingly, it is hereby
ORDERED that the motion (sequence number 005) of defendants Crush Apparel & Accessories Inc., 108 Crosby LLC, Erica Kraiem, Victor Kraiem, 201 Oakhurst Inc., I.L.C.K. Inc., Jiangsu Taiwan Enterprise Inc., and Kids Apparel Club Inc. to dismiss is granted to the extent of dismissing the seventh cause of action (permanent injunction), eighth cause of action (permanent injunction), eleventh cause of action (aiding and abetting fraud), fourteenth cause of action (actual fraudulent conveyance), seventeenth cause of action (constructive fraudulent conveyance), eighteenth cause of action (constructive fraudulent conveyance), and nineteenth cause of action (constructive fraudulent conveyance) and said causes of action are dismissed, and the motion is otherwise denied; and it is further
ORDERED that the motion (sequence number 006) of defendant Joan Kraiem to dismiss is granted to the extent of seventh cause of action (permanent injunction), eighth cause of action (permanent injunction), eleventh cause of action (aiding and abetting fraud), fourteenth cause of action (actual fraudulent conveyance), seventeenth cause of action (constructive fraudulent conveyance), eighteenth cause of action (constructive fraudulent conveyance), and nineteenth cause of action (constructive fraudulent conveyance) and said causes of action are dismissed, and the motion Is otherwise denied; and it is further
ORDERED that the moving defendants are directed to serve an answer to the verified amended complaint within 20 days after service of a copy of this decision and order with notice of entry.
Dated: July 21, 2023
Robert R. Reed, J.S.C.

Footnotes

Footnote 1:The court hereinafter refers to the moving defendants as "defendants."

Footnote 2:Previously, counsel for Raphael and Joan Kraiem informed the court that Raphael died on April 10, 2020 (NYSCEF Doc No. 118). By order dated July 31, 2020, the court (Sherwood, J.) stayed the action for any party to make a substitution motion for the deceased defendant (NYSCEF Doc No. 142). Thereafter, on September 2, 2020, the court dismissed all claims against Raphael Kraiem without prejudice (NYSCEF Doc No. 151).

Footnote 3:Merchant originally named the Ades as defendants but subsequently discontinued all claims against them (NYSCEF Doc No. 178).

Footnote 4:As discussed below, the court finds that the twentieth cause of action states a cause of action.